Filed 3/16/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUTHER DARNELL STAPLETON, JR.,<br><br>    Defendant and Appellant. | E064824<br><br>(Super.Ct.No. RIF1404449)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County. Mark E. Johnson and Christian F. Thierbach, Judges. Affirmed.

Laurel E. Simmons, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Kamala D. Harris, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Kathryn Kirschbaum, and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

1

In a plea to the court, defendant and appellant Luther Darnell Stapleton, Jr., pleaded guilty to petty theft with a prior (Pen. Code, § 666).[1] In return, defendant was placed on probation for a period of 36 months on various terms and conditions. On appeal, defendant challenges two of his probation conditions on constitutional grounds. For the reasons explained below, we find no error and affirm defendant's probationary terms.

I

FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2014, defendant stole less than $950 worth of property from a Target store. Defendant had prior theft-related convictions, as well as failing to register pursuant to section 290.

On December 17, 2014, a felony complaint was filed charging defendant with one count of petty theft with a prior (§ 666). The complaint further alleged that defendant was previously required to register as a sex offender under section 290.

On September 16, 2015, defendant pleaded guilty to the petty theft with a prior charge and admitted that he was required to register as a sex offender. Immediately thereafter, defendant was placed on probation on various terms and conditions. Among other terms and conditions, defendant was required to inform his probation officer of his place of residence, reside in a residence approved by his probation officer, give written notice to his probation officer 24 hours before changing his residence, and not to move

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

without approval from his probation officer.  Defendant was also prohibited from having direct or indirect contact with Target stores and Target parking lots.  Defendant accepted his terms and conditions without objection.

## II

## DISCUSSION

Defendant contends the two above-referenced probation conditions are overbroad, violate his constitutional rights, and must be stricken.

Trial courts have broad discretion to "impose . . . reasonable [probation] conditions, as [they] may determine are fitting and proper . . . for the reformation and rehabilitation of the probationer . . . ."  (§ 1203.1, subd. (j).)  This discretion, however, "is not unbounded."  (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.)  To be valid, a probation condition "must (1) . . . relate[] to the crime of which the defendant was convicted, *or* (2) relate to conduct that is criminal, *or* (3) require or forbid conduct that is reasonably related to future criminality."  (*People v. Bauer* (1989) 211 Cal.App.3d 937, 942 (*Bauer*).)  However, constitutional challenges are reviewed under a different standard.  Whether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo.  (*In re J.H.* (2007) 158 Cal.App.4th 174, 183; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

"If a probation condition serves to rehabilitate and protect public safety, the condition may 'impinge upon a constitutional right otherwise enjoyed by the probationer, who is "not entitled to the same degree of constitutional protection as other citizens." ' "

(*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355, quoting *People v. Lopez*, *supra*, 66 Cal.App.4th at p. 624.) But an otherwise valid condition that impinges upon constitutional rights "must be carefully tailored, ' "reasonably related to the compelling state interest in reformation and rehabilitation . . . ." ' " (*Bauer*, *supra*, 211 Cal.App.3d at p. 942, quoting *In re White* (1979) 97 Cal.App.3d 141, 146 (*White*); accord, *People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*); *In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)

A probation condition cannot be overbroad. (*Olguin*, *supra*, 45 Cal.4th at p. 384; *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "A restriction is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.] The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

However, even a facial challenge to constitutionality requires more than a one-size-fits-all approach. Our inquiry does not take into account the individual facts pertaining to this particular probationer—as would an "as applied" challenge—but it must take into account the nature of the case and the goals and needs of probation in general. For example, what is constitutional in a case involving drug usage is not

4

necessarily the same as what is constitutional in a theft-related case. This broad consideration of the nature of the case must inform all decisions about whether the condition has been "narrowly tailored," even where, as here, we do not reach the personal circumstances of the probationer.

Moreover, a probation condition cannot be vague; it " ' "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated . . . . " ' " (*People v. Barajas* (2011) 198 Cal.App.4th 748, 753, quoting *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) On the other hand, probation is a privilege and not a right, and adult probationers, in preference to incarceration, may validly consent to limitations upon their constitutional rights. (*Olguin*, *supra*, 45 Cal.4th at p. 384.) For example, probationers may agree to warrantless search conditions or restrictions on their constitutional right of association. (*Id.* at pp. 384 & 385, fn. 4, citing *People v. Ramos* (2004) 34 Cal.4th 494, 506; *People v. Medina* (2007) 158 Cal.App.4th 1571, 1580 ["a suspicionless search pursuant to a probation search condition is not prohibited by the Fourth Amendment"]; *People v. Balestra* (1999) 76 Cal.App.4th 57, 68-69 [upholding a probation condition requiring submission to alcohol and drug testing at the discretion of the probation officer]; *People v. Lopez*, *supra*, 66 Cal.App.4th at pp. 624, 628-629 [upholding condition prohibiting association with known gang members]; *People v. Peck* (1996) 52 Cal.App.4th 351, 363 [condition prohibiting association with known possessors, users, or traffickers of controlled substances]; and other cases.)

Defendant did not object to either of the probation conditions at issue in the trial court.  But where a claim that a probation condition is facially overbroad and violates fundamental constitutional rights is based on undisputed facts, it may be treated as a pure question of law, which is not forfeited by failure to raise it in the trial court.  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 888-889; *People v. Welch* (1993) 5 Cal.4th 228, 235.)  The forfeiture doctrine does apply if the objection involves a discretionary sentencing choice or unreasonable probation conditions "premised upon the facts and circumstances of the individual case." (*Sheena K.*, *supra*, at pp. 885, 888.)

A.    *Residency Terms*

Defendant contends the residency conditions violate his constitutional right to travel and freedom of association and should be stricken.[2]  Defendant relies primarily on *Bauer*, *supra*, 211 Cal.App.3d 937.

The right to travel and freedom of association are undoubtedly "constitutional entitlements." (*Bauer*, *supra*, 211 Cal.App.3d at p. 944.)  But, as discussed, a probation condition may restrict these rights so long as it reasonably relates to reformation and rehabilitation.  (*White*, *supra*, 97 Cal.App.3d at p. 146.)  In *Bauer*, the reviewing court struck a residence condition apparently designed to prevent the defendant from living

---

[2]  As noted by the People, the California Supreme Court was considering the constitutionality of a similarly worded probation condition in *People v. Schaeffer* (2012) 208 Cal.App.4th 1, review granted October 31, 2012, S205260.  The condition at issue there required the defendant to reside at a residence approved by the probation officer and not move without his/her prior approval.  However, recently on September 21, 2016, the California Supreme Court dismissed the case as moot and remanded it to this court.

6

with his overprotective parents. (*Bauer*, *supra*, at p. 944.) Nothing in the record suggested the defendant's home life contributed to the crimes of which he was convicted (false imprisonment and simple assault), or that living at home reasonably related to future criminality. (*Ibid*.) The court concluded the probation condition impinged on the defendant's right to travel and freedom of association, and was extremely broad since it gave the probation officer the power to forbid the defendant "from living with or near his parents—that is, the power to banish him." (*Ibid*.)

The present case is distinguishable. Unlike the condition in *Bauer*, the residence condition imposed here is not a wolf in sheep's clothing; it is not designed to banish defendant or to prevent him from living where he pleases. Moreover, unlike the defendant in *Bauer*, where defendant lives may directly affect his rehabilitation, considering his history with issues related to his mental health and substance abuse. The record shows that defendant struggled with mental health and substance abuse. While on probation in this case, defendant repeatedly tested positive for methamphetamine use. Defendant also had a lengthy criminal history. At the plea hearing, the prosecutor objected to placing defendant on probation, noting defendant had 14 felony convictions, "he's 50 years old, [and] he is still going strong stealing from Target." The trial court understood the People's objection, but believed defendant was "treatable." The court further noted that defendant had a documented mental health history, and the Department of Mental Health believed the offense was mental health related and defendant was suitable for the mental health program, which included inpatient residency. Additionally,

defendant was required to register as a sex offender. Without a limitation placed by the residence conditions or without supervision, for example, defendant could opt to live in a residence where drugs are used or sold. A probation officer supervising a person like defendant must reasonably know where he resides and with whom he is associating in deterring future criminality.

The residency conditions are necessary under these circumstances to aid in defendant's rehabilitation, and not to banish defendant from any geographic region. The residency conditions properly serve the state's interest in reformation and rehabilitation because where he lives will directly affect his rehabilitation. Contrary to defendant's claims, there is no evidence to suggest defendant's residence could be disapproved for any reason or that it would be impractical for a defendant to find a place of residence with the notice and approval requirements. The nature of defendant's crime and criminal history suggests a need for oversight. Like the court in *Bauer*, we do not find that the condition itself is inappropriate in *all* circumstances (see *Bauer*, *supra*, 211 Cal.App.3d at p. 944 [finding residence approval condition not related to the defendant and his crimes in the case, but not invalidating the condition in every case]), but that such notice and approval here was warranted as the requirements relate to defendant's future criminality and crimes.

Furthermore, the legal landscape has changed since *Bauer*, *supra*, 211 Cal.App.3d 937. *Bauer* was decided before our Supreme Court's decision in *Olguin*, *supra*, 45 Cal.4th 375, which held that a "condition of probation that enables a probation officer to

supervise his or her charges effectively is . . . 'reasonably related to future criminality.' " (*Id*. at pp. 380-381.)  In *Olguin*, the defendant challenged a condition of probation requiring him to notify his probation officer of the presence of any pets at his residence. In part, the defendant challenged the condition on reasonableness grounds.  The Supreme Court rejected the defendant's arguments, noting that "[t]he condition requiring notification of the presence of pets is reasonably related to future criminality because it serves to inform and protect a probation officer charged with supervising a probationer's compliance with specific conditions of probation."  (*Id*. at p. 381.)

The Supreme Court in *Olguin*, *supra*, 45 Cal.4th 375 also stated that "[a] probation condition should be given 'the meaning that would appear to a reasonable, objective reader.' [Citation.]"  (*Id*. at p. 382.)  We view the residence approval condition here in light of *Olguin* and presume a probation officer will not withhold approval for irrational or capricious reasons.  (*Id*. at p. 383.)  A probation officer cannot issue directives that are not reasonable in light of the authority granted to the officer by the court.  Thus, a probation officer cannot use the residence condition to arbitrarily disapprove a defendant's place of residence.  The condition does not grant a probation officer the power to issue arbitrary or capricious directives that the court itself could not order.  (See, e.g., *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240-1241 [a case concerning a condition requiring a probationer to obey directions from his probation officer].)

Moreover, we observe that "probation is a privilege and not a right, and that adult probationers, in preference to incarceration, validly may consent to limitations upon their

9

constitutional rights—as, for example, when they agree to warrantless search conditions. [Citations.]" (*Olguin*, *supra*, 45 Cal.4th at p. 384.) "If a defendant believes the conditions of probation are more onerous than the potential sentence, he or she may refuse probation and choose to serve the sentence. [Citation.]" (*Id*. at p. 379.)

We conclude that the trial court did not abuse its discretion in imposing the condition that defendant, as a term of his probation, reside at a residence approved by the probation officer, not move without the probation officer's prior approval, and give written notice to his probation officer 24 hours before changing his residence.

B.    *Target Stay-Away Term*

Defendant contends the probation condition requiring him to stay away from all Target stores and Target parking lots is unconstitutionally overbroad and restricts his right to travel. In his reply brief, defendant asserts "in many instances in which Target shares a parking lot with other stores, it would be difficult to delineate which part of a parking lot belongs to Target, and which to another store." Recently, defendant's exact contentions were rejected by our Supreme Court in *People v. Moran* (2016) 1 Cal.5th 398 (*Moran*).

In *Moran*, *supra*, 1 Cal.5th 398, the California Supreme Court considered whether a probation condition prohibiting the defendant from entering the premises or adjacent parking lot of Home Depot stores violated his constitutional right to travel or whether it was overly broad. (*Id*. at pp. 401, 404-405.) The court found no such constitutional violations. (*Ibid*.) The defendant in Moran asserted that "Home Depot has 232 stores in

10

California (including 14 such stores within 20 miles of his home ZIP code) and argue[d] that when considered with those stores' respective parking lots, the stay-away probation condition sweeps much too broadly." (*Id*. at p. 404, fn. omitted.) The court rejected this argument, noting "But that defendant's crime was confined to a single Home Depot store in San Jose and not the entire chain of stores does not fatally undermine the trial court's exercise of discretion in imposing a more wide-ranging stay-away condition, for conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime." (*Id*. at pp. 404-405)

In rejecting the defendant's constitutional issues, the court concluded that although defendants placed on probation retain their constitutional right to travel, reasonable and incidental restrictions on their movement are permissible. (*Moran*, *supra*, 1 Cal.5th at p. 406.) The court explained: "Imposing a limitation on probationers' movements as a condition of probation is common, as probation officers' awareness of probationers' whereabouts facilitates supervision and rehabilitation and helps ensure probationers are complying with the terms of their conditional release. [Citations.]" (*Ibid*., citing *Hayes v. Superior Court* (1971) 6 Cal.3d 216, 220 [probation condition prohibited the defendant from leaving the state without permission]; *People v. Vogel* (1956) 46 Cal.2d 798, 806 [same]; *People v. Cruz* (2011) 197 Cal.App.4th 1306, 1309 [probation condition prohibited defendant from leaving the county or state without permission].)

In conclusion, the court further found the defendant's attempts to demonstrate the Home Depot stay-away condition is an unreasonable, or unconstitutionally overbroad,

restriction on his right to travel unavailing. (*Moran*, *supra*, 1 Cal.5th at p. 407.) The court stated: "The [defendant's] effort fails, as the condition simply does not implicate his constitutional travel right. Indeed, one struggles to perceive how the condition curtails his right to free movement in any meaningful way. Although defendant argues he is prohibited 'from entering large areas of the state' and from 'shopping or working in any store that shares a parking lot with a Home Depot,' that surely is an exaggeration. He remains free to drive on any public freeway, street or road, use public transportation, work (except in Home Depot stores), shop, visit the doctor's office, attend school, enjoy parks, libraries, museums, restaurants, bars, clubs, and movie theaters. He may—without violating the challenged condition—freely move about his community, the city, and the State of California. In short, the restriction on his movement imposed by the probation condition is too de minimis to implicate the constitutional travel right. [¶] Nor does the directive that defendant stay out of any parking lot 'adjacent to' any Home Depot store change the analysis. Although that part of the condition in theory adds to the area covered by the restriction on defendant's movement, it remains a question of scale, and even considering the area the parking lot condition adds to the movement restriction, the overall limitation remains so minimal that the Home Depot stay-away condition does not implicate the concerns that underlie the constitutional right to travel." (*Ibid*.)

Accordingly, we find the Target stay-away condition here is constitutionally permissible and not an infringement on defendant's constitutional right to travel.

12

## III

## DISPOSITION

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION**

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


MILLER
J.