Filed 9/3/20  In re M.J. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.J., a Person Coming Under the Juvenile Court Law. _____ THE PEOPLE, Plaintiff and Respondent, v. M.J. Defendant and Appellant. | A159263 (City and County of San Francisco Super. Ct. No. JW196236) |

Appellant M.J. appeals from a disposition order following the juvenile court's declaring him a ward of the court and placing him in the custody of probation.  He challenges the probation condition that he "[p]articipate fully in any programs of counseling deemed appropriate by [his] probation officer which may include individual, group and family counseling as well as drug counseling, testing and treatment, or any other programs and/or services [he is] referred to by [his] probation officer" (hereinafter also referred to as the program requirement).

Appellant contends the program requirement violates the constitutional separation of powers doctrine as it was an improper delegation of judicial authority to probation to determine in the first instance the programs and services he was required to attend.  He also

1

raises an ineffective assistance of counsel argument for failure to object to the program requirement. We affirm.

## BACKGROUND

On October 30, 2019,[1] the San Francisco County District Attorney filed a Welfare and Institutions Code section 602 petition alleging the then 16-year-old appellant had committed acts constituting felony second-degree robbery (Pen. Code, § 211) and felony vandalism (Pen. Code, § 594, subd. (b)(1)). After a contested hearing on November 21, the juvenile court found appellant had committed acts constituting felony second-degree robbery and misdemeanor vandalism.

On December 6, appellant appeared with counsel at the disposition hearing. The juvenile court declared appellant a ward of the court after finding that his welfare required removal from both his guardian and parents. Appellant was placed in the custody of probation, subject to a maximum commitment period of five years and four months with credit for time served of 39 days.

While appellant was eligible for placement in a facility operated by the Department of Juvenile Justice, the juvenile court found an alternative "out-of-home" placement would best meet appellant's needs if he took advantage of opportunities offered by such a placement. To that end, in its December 6 order, the juvenile court included the program requirement – that appellant was to "[p]articipate fully in any programs of counseling deemed appropriate by [his] probation officer which may include individual, group and family counseling as well as drug counseling, testing and treatment, or any other programs and/or services [he is] referred to by [his] probation officer." The program

---

[1]     All further events occurred in 2019.

2

requirement was discussed at the hearing prior to issuance of the order and appellant's counsel lodged no objection.

Appellant timely appealed from the disposition order.[2]

## DISCUSSION

Appellant challenges the program requirement on the ground that it violates the constitutional separation of powers doctrine as it was an improper delegation of judicial authority to probation to determine in the first instance the required programs and services. The parties agree, and we concur, that the claim may be raised for the first time on appeal despite the failure to object on that specific ground in the juvenile court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) However, appellant's contention is unavailing on the merits.

When a minor is "committed to the care, custody, and control of the probation officer," as in this case, the juvenile court "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) "Flexibility is the hallmark of juvenile court law . . . [and] the juvenile court has long enjoyed great discretion in the

---

[2]     The notice of appeal also mentions the November 21, 2019 jurisdictional findings and order. However, no separate appeal lies from the jurisdictional findings and order. (*In re G.C.* (2020) 8 Cal.5th 1119, 1126 [jurisdictional findings and order are reviewed on appeal from the dispositional order].) Further, appellant abandoned review of those findings and orders by failing to present any specific arguments addressing them in his appellate briefs. (*Golighty v. Molina* (2014) 229 Cal.App.4th 1501, 1519 [appellate " 'review is limited to issues which have been adequately raised and briefed' "].) We therefore dismiss that appeal.

3

disposition of juvenile matters . . . ." (*In re Greg F.* (2012) 55 Cal.4th 393, 411.)

Here, the juvenile court reasonably determined the program requirement would assist in appellant's rehabilitation. We give the challenged requirement " 'the meaning that would appear to a reasonable, objective reader' " in light of the authority granted by the juvenile court. (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) When so viewed, we presume probation will choose programs and services reasonably related to appellant's rehabilitation and will not require attendance for arbitrary or capricious reasons. (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 996-997 ["[a] probation officer cannot issue directives that are not reasonable in light of the authority granted to the officer by the court"; "[t]he condition does not grant a probation officer the power to issue arbitrary or capricious directives that the court itself could not order"].) Accordingly, appellant's claim of a violation of the constitutional separation of powers doctrine based on an improper delegation of judicial authority fails.

Appellant's related concern, regarding the scope of programs and services that probation may require him to attend, such as sex-offender counseling, mental health counseling, or graffiti abatement programs, is not properly before us. Because the scope of programs and services is one that cannot be resolved without a review of the juvenile court record, it does not present a pure question of law that can be raised for the first time on appeal. Instead, " ' "traditional objection and waiver principles" ' " apply; appellant should have objected in order to "permit the [juvenile] court to consider, and if appropriate in the exercise of its

4

informed judgment, to effect a correction" in the scope of programs and services. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.)

Appellant also raises an ineffective assistance of counsel argument based on the failure to object to the program requirement in the juvenile court, which contention can be resolved "on the ground of lack of sufficient prejudice.*" (Strickland v. Washington* (1984) 466 U.S. 668, 697.) This argument is not supported by the record, which does not contain anything that leads us to conclude it is reasonably likely the juvenile court would have stricken or modified the program requirement had counsel made an objection on the grounds asserted on appeal. An attempt by the juvenile court to narrowly limit probation's authority to both the type and specific programs and services to aid in appellant's rehabilitation "would pose serious practical difficulties." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 308.) The juvenile court is not "equipped to micromanage" both the type and specific programs and services as "it lacks the ability to remain appraised of currently available programs [and services] and, more fundamentally, because entry into a particular program [or service] may depend on mercurial questions of timing and availability." (*Ibid.*)

Finally, we note that if appellant disagrees with probation's decision regarding his participation in any specific program or service, he can bring his concerns to the juvenile court's attention at a review hearing. Alternatively, and at any time, he or his guardian, parents, attorney, or an interested person may file a Welfare and Institutions Code section 778 petition to modify the disposition order.

**DISPOSITION**

The appeal from the November 21, 2019 jurisdictional findings and order is dismissed. The December 6, 2019 disposition order is affirmed.

_____

Petrou, J.

WE CONCUR:


_____

Siggins, P.J.


_____

Jackson, J.

_People v. M.J./A159263_