Filed 3/12/21  P. v. Carlos CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074617 |
| v. | (Super.Ct.No. RIF1805036) |
| DAMIEN JOHN CARLOS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part; reversed in part and remanded with directions.

Cindi Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

A.     <u>PROCEDURAL HISTORY</u>

On June 17, 2019, an amended information charged defendant and appellant

Damien John Carlos with felony spousal abuse under Penal Code[1] section 273.5,

subdivision (a) (count 1); misdemeanor violation of a protective order under section 166,

subdivision (c)(1) (count 2); and misdemeanor battery under section 243, subdivision

(e)(1) (count 3).

On December 2, 2019, defendant pled guilty to the three charges.  The parties

stipulated that the police reports and preliminary hearing would serve as a factual basis

for defendant's guilty plea.

On December 11, 2019, the trial court placed defendant on formal probation for a

period of 36 months pursuant to various terms and conditions.

On January 27, 2020, defendant filed a timely notice of appeal.  On appeal,

defendant contends that one of his probation conditions is unconstitutionally vague and

overbroad.  For the reasons set forth *post*, we remand the case to allow the trial court to

modify the probation condition.

B.     <u>FACTUAL HISTORY</u>[2]

Defendant and the victim were married and had two children together.  The victim

owned a pet grooming business in Riverside County.  On the afternoon of November 21,

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] The statement of facts is taken from the transcript of the preliminary hearing.

2018, when defendant and the victim were working together, they began to argue. Defendant arrived late to work that day; the victim was unhappy that defendant had stayed out late the night prior.

While at the business, defendant would drink beer. When the victim expressed her frustration about defendant's drinking in front of their customers on November 21, defendant became very angry. He told the victim that he did not want her telling him what to do because he had a right to do as he pleased. The victim tried to ignore defendant and resumed grooming a dog. She suddenly felt a sharp sting on the back of her arm; the pain was "around a five" on a scale from one to 10. When she turned around, she saw defendant standing there. The victim asked defendant if he had hit her but he refused to answer and walked away. The victim called her father.

When the victim's father arrived at the business, defendant was still angry. Defendant and the victim's father started to argue. The fight became physical and the victim's father attempted to remove defendant from the business. The victim's father then contacted law enforcement. When an officer arrived, defendant was outside of the business, trying to get in. The officer detained defendant.

At the time of the altercation, the victim had a protective order in place against defendant.

## DISCUSSION

Pursuant to a condition of his probation, defendant was required to "[r]eport any law enforcement contacts to [his] probation officer within 48 hours." Defendant contends that this probation condition must be stricken or modified because it "is

3

unconstitutionally vague and overbroad." The People contend that defendant has forfeited this issue on appeal for failing to object at the sentencing hearing. If defendant has not forfeited this issue, the People contend that "the condition is not facially vague because the language of the condition is unambiguous and sufficiently informs the appellant of what contact to report. Additionally, the condition is not facially overbroad because it serves the legitimate purpose of ensuring appellant's compliance with the terms of his probation without overburdening him." For the reasons set forth *post*, we remand the case to allow the trial court to modify the probation condition.

We first address the People's forfeiture agreement. Defendant contends that the People's forfeiture argument fails because "[t]here was absolutely no discussion or even inkling of the term currently contested[, defendant] had no meaningful opportunity to object at the plea hearing." At the sentencing hearing on December 11, 2019, however, the judge asked defendant if he "had a chance to review and accept all of the sentencing terms on the two page sentencing memorandum." Defendant responded, "Yes." Defendant again stated "Yes," when the judge asked, "Do you accept all of the terms?" In the sentencing memorandum dated and executed by defendant on December 11, 2019, one of the additional probation terms included a condition that defendant should "report any law enforcement contacts to probation officer within 48 hours." Therefore, defendant had an opportunity to object to the imposition of this probation condition. Notwithstanding defendant's opportunity to object, the failure to object below that a condition of probation is unconstitutionally overbroad does not forfeit review of the issue on appeal, as it is a pure issue of law. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 888-

4

889 (*Sheena K.*); *People v. Stapleton* (2017) 9 Cal.App.5th 989, 995 (*Stapleton*) ["[W]here a claim that a probation condition is facially overbroad and violates fundamental constitutional rights is based on undisputed facts, it may be treated as a pure question of law, which is not forfeited by failure to raise it in the trial court"].)

"In general, the failure to make a timely objection to a probation condition forfeits the claim of error on appeal." (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1194 (*Relkin*).) However, constitutional challenges that pose a pure question of law are not forfeited by a failure to object. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 888-889.) Defendant's argument that the conditions are unconstitutionally vague and overbroad raise " ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court," ' " and as such are not subject to forfeiture principles. (*Id.* at p. 889; quoting *People v. Welch* (1993) 5 Cal.4th 228, 235.) Therefore, we will address defendant's contention on the merits.

Generally, we review a trial court's imposition of probation conditions for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) But where, as here, a defendant challenges a probation condition on constitutional grounds, we review its constitutionality de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "The vagueness doctrine ' "bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that [a person] of common intelligence must necessarily guess at its meaning and differ as to its application.' " [Citations.]' [Citation.] A vague law 'not only fails to provide

5

adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." ' " (*Ibid.*) Thus, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) Where a term or condition of probation is unconstitutionally vague, a reviewing court has the power to modify it to render it constitutional. (*Id.* at p. 892.)

In this case, defendant contends that the law enforcement contacts condition is unconstitutionally vague as imposed. *Relkin* is instructive. There, the trial court imposed a condition requiring the defendant to " 'report to the probation officer, no later than the next working day, any arrests or any contacts with or incidents involving any peace officer.' " (*Relkin*, *supra*, 6 Cal.App.5th at pp. 1196-1197.) The court found "the portion of the condition requiring that defendant report 'any contacts with . . . any peace officer' is vague and overbroad," because it "leave[s] one to guess what sorts of events and interactions qualify as reportable." (*Id.* at p. 1197.)

The same is true here. The condition in this case does not adequately identify which contacts between defendant and law enforcement trigger the reporting requirement. While defendant could infer that arrests or detentions would probably qualify, there is nothing in the language of the condition excluding more casual encounters with law enforcement that one may not even register as meaningful contacts. (See, e.g., *Relkin*, *supra*, 6 Cal.App.5th at p. 1197 ["We disagree with the People's

6

argument that the condition is clearly not triggered when defendant says 'hello' to a police officer or attends an event at which police officers are present, but would be triggered if defendant were interviewed as a witness to a crime"].) "The language does not delineate between such occurrences and thus casts an excessively broad net over what would otherwise be activity not worthy of reporting." (*Ibid.*)

Notwithstanding the applicability of *Relkin* to this case, the People argue that the probation condition is not constitutionally vague because "appellant's probation condition does not require him to report 'any contacts' with 'any peace officer,' as was required of the defendant in *Relkin*. The concerns of the *Relkin* court are therefore inapplicable here because the condition at issue in *Relkin* was inherently more ambiguous than the condition at hand. Appellant's probation condition requires him to report 'law enforcement contacts.' . . . It does not require, as the condition in *Relkin* ostensibly did, reporting brief, casual encounters with people who happen to also be peace officers, which is what the *Relkin* court found introduced ambiguity to the probation condition." We disagree with the People's interpretation of the probation condition at issue in this case. As noted above, the probation condition clearly states that defendant "[r]eport *any* law enforcement contacts." (Italics added.) Therefore, unlike the People's interpretation of the condition, the condition at issue in this case is almost identical to the probation condition that was struck down in *Relkin*. Hence, as the court found in *Relkin*, we find that the language in the probation condition "casts an excessively broad net over what would otherwise be activity not worthy of reporting." (*Relkin*, *supra*, 6 Cal.App.5th at p. 1197.)

In sum, because the law enforcement contact condition fails to delineate which kind of law enforcement contacts trigger the reporting requirement, the term is unconstitutionally vague. On remand, the trial court shall narrow the term to specify which contacts trigger the reporting requirement, or else strike the term entirely.

**DISPOSITION**

The order granting probation is reversed so that the trial court may modify the probation condition requiring defendant to "[r]eport any law enforcement contacts to probation officer within 48 hours." The law enforcement contact condition should specify which contacts trigger the reporting requirement, or else strike the term entirely. In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

RAMIREZ _____
P. J.

RAPHAEL _____
J.

8