Filed 11/15/22  In re Christian F. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re CHRISTIAN F., a Person Coming Under the Juvenile Court Law. | |
| | D079704 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J241725) |
| v. | |
| CHRISTIAN F., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Tilisha T. Martin, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

In this juvenile delinquency matter, Christian F. challenges one of the conditions of probation imposed by the juvenile court as unconstitutionally vague. Specifically, he contends that it is not clear what the word "verifiable" means in the probation condition setting forth an exception to the 10:00 p.m. to 6:00 a.m. nightly curfew for "*verifiable* school or employment, religious activities, organized sports or court-ordered programs." (Italics added.)

We conclude that the probation condition is not unconstitutionally vague, and we accordingly affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A juvenile wardship petition alleged three offenses against Christian: (1) assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)); (2) battery with serious bodily injury (*id.*, § 243, subd. (d)); and (3) resisting an executive officer (*id.*, § 69).[1] Christian admitted one of the counts, and the juvenile court made true findings on the other two.

At the November 15, 2021 disposition hearing, the juvenile court adjudged Christian to be a ward of the court, placed him on probation, and ordered him committed to the Healing Opportunities for Personal Empowerment (HOPE) program. The minute order detailed the conditions of Christian's probation. At issue here are the following two items: "You must be at your legal residence between the hours of 10:00 PM and 6:00 AM unless you are with your parent or legal guardian," and "You have an exception to curfew for verifiable school or employment, religious activities, organized sports or court-ordered programs."

---

[1] Because the details of the offenses committed by Christian are not relevant to the issue presented in this appeal, we do not discuss them.

2

## II.

## DISCUSSION

Christian's sole argument on appeal concerns the terms of the curfew required as a condition of probation. He contends that the juvenile court should be ordered to clarify the meaning of the exception to the curfew "for *verifiable* school or employment, religious activities, organized sports or court-ordered program" (italics added), because the word "verifiable" is unconstitutionally vague.

Christian argues, "[T]he condition does not explain who is permitted to 'verify' the legitimacy of his participation in an activity excepting him from the curfew condition. Can a parent or guardian 'verify' such participation? Does it have to be a supervising probation officer? [¶] And if a parent or guardian can provide the required 'verification,' to whom, or what entity, must the authorized parent or guardian provide said verification? Must a parent or guardian provide the required 'verification' to the juvenile court, or to [Christian's] supervising probation officer, or to [Christian's] defense attorney?" He also contends that "the exceptions to the curfew condition fail to explain who, or what entity, will be responsible for determining whether a certain activity in which [Christian] participates is excepted from the curfew condition. Further, the condition does not state who will make the decision as to whether [Christian] is excepted from a curfew violation, or how the decision-making process will occur." Christian explains he cannot determine "who, or what entity, [he] needs to contact in order to provide the 'verification' that he is going to, or he already did, participate in one of the excepted activities."

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the

3

condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' . . . The vagueness doctrine ' "bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " ' " (*Ibid.*) "In reviewing a condition of mandatory supervision to determine if it is vague . . . , we must assign ' " 'the meaning that would appear to a reasonable, objective reader' " ' when presented with the condition." (*People v. Brand* (2021) 59 Cal.App.5th 861, 870.) "Whether a term of probation is unconstitutionally vague . . . presents a question of law, which we review de novo." (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 993.)[2]

Turning to the provision at issue here, we note that it must be evaluated " 'in a specific *context*,' " to determine whether it is sufficiently clear to satisfy the requirements of due process. (*Sheena K., supra,* 40 Cal.4th at p. 890.) The specific context here is that Christian is *on probation*, and therefore *his probation officer* is responsible for monitoring compliance with the conditions of probation. Thus the clear meaning of the

_____

[2]     A party is not required, as a condition of appeal, to first raise a facial challenge to a probation condition with the juvenile court. (*Sheena K., supra,* 40 Cal.4th at pp. 887-889.) Thus, because Christian brings a facial challenge to a probation condition, his appeal is properly before us, even though the issue was not raised in the juvenile court. We note, however, that the juvenile court ordered Christian to be present for two-month, four-month, and six-month review hearings after the November 15, 2021 disposition hearing. If Christian, his parents, or his attorney were unclear as to the meaning of "verifiable," the issue could have been raised at any of those hearings, all of which were scheduled to take place before the filing of the opening appellate brief in this case.

language at issue here is that it is the probation officer who will, when he or she finds it appropriate to do so, undertake to verify whether Christian has a valid excuse for having been away from his residence between the hours of 10:00 p.m. and 6:00 a.m. Moreover, because it is clearly the probation officer who will undertake the act of verifying whether the activity was permissible, an activity is "verifiable" when evidence is available to the probation officer that permits him or her to confirm that, indeed, Christian was away from his residence for one of the permitted activities. Depending on the type of activity, the probation officer might rely on the following type of verification, among others: (1) a phone call or written communication with an employer, a teacher, a coach, an employee at a place of worship, or any other credible person with knowledge of Christian's participation in the activity; (2) an employment time record; (3) a school schedule; or (4) a schedule for a court-ordered program. Further, as the People reasonably observe, "If [Christian] is unclear whether an event is capable of being verified or not, he can always contact his probation officer in advance to obtain express permission."

In addition, because the excuse need only be "verifiable," not "verified," it is reasonably clear from the language of the probation condition that Christian is not required to *proactively and preemptively* provide proof to the probation officer every time he has engaged in activity permitted by the exception to the curfew. Instead, it is sufficient that proof of Christian's participation in the permitted activity is available upon a request by the probation officer.

Based on the above, we conclude that a reasonable, objective reader would understand the probation condition to have the meaning we have set forth above. The condition is " 'sufficiently precise for [Christian] to know what is required of him, and for the court to determine whether the condition

5

has been violated.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Accordingly, it is not unconstitutionally vague.

In their respondent's brief, the People take the position that the probation condition is not unconstitutionally vague, but they also set forth a useful suggestion for how the language could be modified to alleviate any possible confusion: "You have an exception to curfew for school or employment, religious activities, organized sports, or court-ordered programs, so long as your attendance is capable of being verified by your probation officer." We adopt this language as a restatement of what we view as the plain and clear meaning of the probation condition as it is currently written.

### DISPOSITION

The disposition order is affirmed.

IRION, Acting P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.

6