Filed 1/23/23

**CERTIFIED FOR PARTIAL PUBLICATION**\*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re K.C., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B319819 (Super. Ct. No. PJ53869) (Los Angeles County) |
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>K.C.,<br><br>   Defendant and Appellant. | |

      A juvenile court order imposes a condition of probation prohibiting unconsented sexual touching of another person. We conclude the probation condition is not unconstitutionally vague.

      Minor K.C. appeals the order imposing this condition of probation. We affirm. [[We also order correction of the

---

\* Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

disposition minute order to conform to the oral pronouncement of judgment.]]

*FACTUAL AND PROCEDURAL HISTORY*

On February 11, 2021, the Los Angeles District Attorney filed a petition charging 17-year-old K.C. with felony forcible rape of a child under the age of 14 years, and felony forcible sexual penetration of a child under the age of 14 years. (Pen. Code, §§ 261, subd. (a)(2), 289, subd. (a)(1)(B); Welf. & Inst. Code, § 602.)

At the adjudication hearing, 13-year-old N.M. testified that she and her siblings visited their cousin K.C. and his siblings during the weekend of May 11, 2020. Following viewing of several movies, the minors went to bed. N.M. was sharing her female cousin's room when K.C. entered the room and asked the girls if they wanted to go to the kitchen and have a snack. N.M. agreed but her cousin declined.

N.M. entered a walk-in pantry in the kitchen followed by K.C. He blocked the entrance, grabbed N.M. by her waist, and tried to kiss her. She resisted and asked to return to her female cousin's bedroom. K.C. responded "Oh, just wait." K.C. then reached inside N.M.'s pants and placed his fingers inside her vagina. She continued to state that she wanted to return to the bedroom but K.C. ignored her. K.C. then pulled down her pants as well as his. He guided N.M.'s hand to his penis and then placed his penis in her vagina "for a few seconds." Afterwards, K.C. moved away from the doorway and N.M. ran upstairs to the bedroom. Approximately one week later, N.M. informed her family about the sexual assault.

Following an adjudication hearing, the juvenile court found the felony allegations of the petition true, sustained the petition,

2

and declared K.C. a ward of the court.  The court committed K.C. to a secure youth treatment facility for a base term of three years with a maximum term of confinement of 14 years 4 months.  The court also imposed various terms of probation.  Among the terms was this:  "6A, you must not engage in any unconsented sexual touching of any person."

K.C. appeals and contends that probation condition 6A is unconstitutionally vague.  [[K.C. also contends the disposition minute order does not accurately reflect the pronouncement of judgment regarding probation condition 6A.]]

*DISCUSSION*

*I.*

K.C. argues that probation condition 6A is unconstitutionally vague because it does not define "sexual touching."  He points out, for example, that lewd or lascivious conduct prohibits touching of a child with the intent to sexually arouse the perpetrator or the child, but the touching need not be done in a sexual manner.  (*People v. Martinez* (1995) 11 Cal.4th 434, 452.)

The void-for-vagueness doctrine derives from the due process concept of fair warning, which bars the government from enforcing a provision that forbids or requires the doing of an act in terms so vague that people of common intelligence must necessarily guess as to its meaning and differ as to its application.  (*People v. Hall* (2017) 2 Cal.5th 494, 500.)  "To withstand a constitutional challenge on the ground of vagueness, a probation condition must be sufficiently definite to inform the probationer what conduct is required or prohibited, and to enable the court to determine whether the probationer has violated the condition."  (*Ibid.*)

In determining whether a probation condition is sufficiently definite, a court is not limited to the condition's text. (*People v. Hall*, *supra*, 2 Cal.5th 494, 500.) The court may consider other sources of law, including judicial construction of similar provisions. (*Ibid.*) A probation condition should not be invalidated as unconstitutionally vague if any reasonable and practical construction can be given to its language. (*Id.* at pp. 500-501.) We independently review a probation condition's alleged vagueness as a question of law. (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 993.)

Probation condition 6A provides fair warning of the conduct it prohibits. A reasonable person would interpret this provision to proscribe unconsented touching of another person that involves any sexual connotation, either due to the parts of the body involved or K.C.'s intent in touching the person. The term "unconsented" provides guidance and permits K.C. to avoid violating the condition in those instances where he has that person's consent. That different penal statutes define and proscribe particular sexual crimes in different terms makes no difference; K.C. must avoid all unconsented sexual touching. The condition is sufficiently definite to preclude constitutional infirmity.

[[*II.*

K.C. asserts that the disposition minute order conflicts with the oral pronouncement of judgment and therefore must be corrected. The Attorney General agrees.

The oral pronouncement of judgment stated that K.C. "must not engage in any unconsented sexual touching of any person," whereas the minute order omits the word "unconsented" and prohibits "any sexual touching of any person."

4

The oral pronouncement of judgment controls when there is a discrepancy between the clerk's minute order and the oral pronouncement.  (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 ["The record of the oral pronouncement of the court controls over the clerk's minute order]".)  Accordingly, the trial court shall correct the disposition minute order to add the word "unconsented."  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-187.)]]

*DISPOSITION*

[[The trial court shall correct the disposition minute order to add the word "unconsented."]]  The order is affirmed.
<u>CERTIFIED FOR PARTIAL PUBLICATION.</u>


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

5

Fred J. Fujioka, Judge

Superior Court County of Los Angeles

_____

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.