Filed 4/9/26  In re D.M. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| | D085043 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J245149) |
| v. | |
| D.M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Matthew M. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Adrian R. Contreras, Deputy Attorney General, for Plaintiff and Respondent.

D.M., a juvenile, appeals from a dispositional order following a true finding on a petition filed under Welfare and Institutions Code section 602 alleging he committed a robbery (Pen. Code, § 211).  D.M. challenges as unreasonable and invalid under *People v. Lent* (1975) 15 Cal.3d. 481 (*Lent*), a probation condition prohibiting his right to leave San Diego County without prior approval of his probation officer or the court.  He argues the probation condition is also unconstitutionally overbroad and infringes on his right to travel without being sufficiently narrowly tailored to meet his needs.  D.M. asks that the condition be stricken or alternatively the case remanded for the juvenile court to fashion a condition that comports with the constitution.  We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2023, G.V. was skateboarding in Fallbrook with a friend and headed to a coffee shop when a large group of individuals approached and surrounded them.  G.V. backed up, but one of the individuals, D.M., took his skateboard and rode off.  Other individuals took G.V.'s phone and items out of his backpack, but returned them to G.V.  D.M. admitted riding away with the skateboard but denied going to the coffee shop to take anything from G.V.  He claimed others snatched the skateboard from G.V. and handed it to him.  D.M. rode the skateboard around the corner and left it in a parking lot.  D.M. testified he was with a group of individuals drinking alcohol behind a drugstore when one of them asked if he wanted to come with him to sell G.V. a vape pen.  He denied asking G.V. for money or rifling through his pockets.

In October 2024, D.M., who was then 17 years old, was declared a ward of the court (Welf. & Inst. Code, § 602) after the juvenile court found he committed robbery.  The court placed D.M. under a probation officer's supervision and committed him to an urban camp program for a period not to

exceed 30 days, stayed pending the court's review. D.M.'s disposition included several probation conditions including that he "must not leave the County of San Diego without prior approval from your Probation Officer or the Court." D.M.'s counsel did not object when the court imposed this and other conditions.

D.M. filed this appeal.

## DISCUSSION

D.M. contends the travel restriction condition is unreasonable because it does not meet the test set out in *Lent, supra,* 15 Cal.3d 481. Specifically, he argues the condition (1) has no relation to his offense as the record does not show he is a flight risk or committed crimes in other counties; (2) relates to conduct—travel—that is not in itself criminal; and (3) forbids conduct that is not reasonably related to future criminality, as his crime was robbery. He argues that because the record is silent on whether he would travel anywhere, was performing poorly on probation, or had stopped going to school, "there is no reason to believe the travel restriction will serve as a deterrent to prevent [him] from future criminality." D.M. contends his counsel was therefore constitutionally ineffective for failing to object to it.

D.M. further contends the travel restriction probation condition is unconstitutionally overbroad in that it infringes on his federal and state constitutional right to travel and free association. He maintains his counsel's failure to object does not work a forfeiture because the constitutional question is purely one of law without reference to any facts.

## I. *The Challenges are Forfeited*

As D.M. acknowledges, his challenge to the propriety of the travel restriction probation condition is subject to forfeiture. He asks us to nevertheless exercise our discretion to consider his contentions because the

3

condition implicates his constitutional rights. He specifically argues the probation condition infringes on his right to travel without being narrowly tailored "to meet [his] needs."

"A probation condition will be invalidated as unconstitutionally overbroad if any limitations it imposes on a person's constitutional right are not closely tailored to the purpose of the condition." (*In re Cesar G.* (2022) 74 Cal.App.5th 1039, 1045, citing *In re Sheena K.* (2007) 40 Cal.4th 874, 890.) " 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 992; *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

" ' "[A] constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In re Sheena K., supra*, 40 Cal.4th at pp. 880-881.) D.M. can challenge the travel restriction condition as unconstitutionally overbroad for the first time on appeal if it presents " ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Id.* at p. 889; *In re Cesar G., supra*, 74 Cal.App.5th at p. 1047.) "An as-applied constitutional challenge is forfeited unless previously raised. [Citation.] ' "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." ' [Citation.] However, the forfeiture rule does not extend to facial constitutional challenges presenting pure questions of law that can be resolved without referring to the particular sentencing record developed below. [Citation.] A

4

facial challenge 'does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts.' [Citation.] The claim is that a condition cannot have *any* valid application, without relying on any facts in the sentencing record." (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.)

As stated, D.M. asserts that the travel restriction condition is not narrowly tailored to "meet [his] needs." He relies on *In re P.O.* (2016) 246 Cal.App.4th 288, saying it "offers guidance" because the Court of Appeal there found the condition was overly broad in that it was "not narrowly tailored to the further the minor's rehabilitation." Because the contentions would have us review D.M.'s record, they belie his contention that he is raising a facial challenge. D.M. is foreclosed from making this challenge for the first time on appeal. (*People v. Patton*, *supra*, 41 Cal.App.5th at p. 946.)

II. *The Record Reflects a Reasonable Tactical Purpose for Counsel's Actions*

An ineffective assistance of counsel claim " 'requires a showing of both deficient representation and resulting prejudice.' [Citation.] To establish prejudice, a defendant claiming ineffective assistance of counsel 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Aguirre* (2025) 18 Cal.5th 629, 706.) " ' " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " ' " (*People v. Rices* (2017) 4 Cal.5th 49, 80; see *Strickland v. Washington* (1984) 466 U.S. 668, 694; *People v. Henderson* (2020) 46 Cal.App.5th 533, 549.)

We presume counsel's actions fall within the wide range of reasonable professional assistance and defer to his or her reasonable tactical decisions. (*People v. Barrett* (2025) 17 Cal.5th 897, 1013-1014.) " 'On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record

5

affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding.' " (*Id.* at p. 1014; see *People v. Brand* (2021) 59 Cal.App.5th 861, 872.)

Here, the record reveals a reasonable tactical basis for counsel's decision to withhold any objection to the travel condition. At the time the court imposed it, the court indicated it had read a social study and had probation recommendations before it as to the disposition. It said, "I do think, given the progress that has been made between now and today's date, I am inclined to impose and stay the urban camp and bring [D.M.] back at the 60-day review, but I will hear your comments." D.M.'s counsel stated: "I did have a chance to review the report with [D.M.] and his family. His family is present in court. He has quite a bit of support. He has let me know that he is able to comply with the conditions, including the curfew, and including the fourth waiver search. [¶] . . . [¶] He is doing very well and he wants the Court to know that he plays for the basketball team. He attends church regularly. He helps out his family. We would submit to the Court's indicated." The court ultimately gave D.M. the "opportunity to comply with the terms and conditions of probation" and told him the "urban camp will be hanging over your head there if you violate probation. I am confident though that you won't. You will be following the rules at home. You will be following the rules of probation."

On this record, counsel plainly had a sound tactical purpose for not only withholding an objection to the probation condition, but submitting to the court imposing that condition and all others: to obtain a more favorable

6

disposition for D.M.  (Accord, *People v. Brand*, *supra*, 59 Cal.App.5th at pp. 872-873 [defendant could not establish ineffective assistance because his counsel "reasonably could have concluded that the court would be more likely to agree to [his sentencing] request if the court believed Brand would be subject to a robust set of mandatory supervision conditions"].)  This defeats D.M.'s ineffective assistance of counsel claim.  (*Id.* at p. 873.)

III. *Any Facial Overbreadth Challenge is Without Merit in Any Event*

D.M. argues the condition is overbroad because it burdens his federal and state constitutional rights to travel and association.  Interpreting this as a facial challenge that may be brought for the first time on appeal, we reject the suggestion that the condition is overbroad in this respect.

"Imposing a limitation on probationers' movements as a condition of probation is common, as probation officers' awareness of probationers' whereabouts facilitates supervision and rehabilitation and helps ensure probationers are complying with the terms of their conditional release." (*People v. Moran* (2016) 1 Cal.5th 398, 406.)  "Although criminal offenders placed on probation retain their constitutional right to travel, reasonable and incidental restrictions on their movement are permissible."  (*Ibid.*; see also *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1195 [court upheld on *Lent* challenge probation condition requiring defendant to obtain written permission from his probation officer before leaving the state; "[w]hile all citizens enjoy a federal constitutional right to travel from state to state [citation], that right is not absolute and may be reasonably restricted in the public interest" and condition was narrowly tailored because it did not prohibit travel within or outside California altogether].)  The same principles apply to the right of association.  (*People v. Gonsalves* (2021) 66 Cal.App.5th 1, 6 ["The right of association is constitutional but ' "may be restricted if

7

reasonably necessary to accomplish the essential needs of the state and public order." [Citations.] Such restrictions are " 'part of the nature of the criminal process' " ' "].) That said, D.M. does not meaningfully explain how his right to free association is compromised.

Requiring permission to leave the County of San Diego is a reasonable restriction on D.M.'s right to travel. D.M. is not entirely prohibited from leaving the county and nothing indicates that any reasonable request would be denied. D.M. remains free to travel throughout San Diego County. The burden that is imposed on his constitutional rights is minor. In turn, the state has a compelling interest in supervising D.M. to ensure he complies with the terms of his probation, and the restriction facilitates that supervision. The condition is therefore sufficiently tailored so as to not be unconstitutionally overbroad.

DISPOSITION

The order is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:


BUCHANAN, J.


RUBIN, J.

8