Filed 6/13/18 (unmodified opn. attached)

**CERTIFIED FOR PARTIAL PUBLICATION**<sup>*</sup>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re G.B., a Person Coming Under the Juvenile Court Law. | A152105 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>G.B.,<br><br>Defendant and Appellant. | (Contra Costa County Super. Ct. No. J17-00553)<br><br>ORDER MODIFYING PARTIAL PUBLICATION ORDER<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the partial publication order filed today be modified as follows:

1.   The second sentence, "After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published, with the exception of parts I. and II.A., in the Official Reports," is modified as follows:

> After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published, with the exception of part II.A., in the Official Reports.

There is no change in the judgment.

Dated:

_____
Margulies, Acting P.J.

---

<sup>*</sup> Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.A.

Filed 5/31/18; Certified for Partial Publication 6/13/18 (order attached) (unmodified version)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re G.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>G.B.,<br><br>        Defendant and Appellant. | A152105<br><br>(Contra Costa County<br>Super. Ct. No. J17-00553) |

Appellant G.B. was declared a ward of the court and placed on juvenile probation after the juvenile court sustained allegations he possessed a concealable firearm in violation of Penal Code section 29610. Appellant appeals from the jurisdictional and dispositional orders, arguing the jurisdictional finding must be reversed because the eyewitness identification was unreliable, and four of the probation conditions imposed are unconstitutionally vague or overbroad.

We conclude a probation condition requiring that appellant "have peaceful contact only with all law enforcement" is unconstitutionally vague and strike that condition. We narrow the condition appellant stay away from any school campus unless enrolled consistent with state law that prohibits persons from visiting school grounds without notifying school authorities. We otherwise affirm the jurisdictional and dispositional orders.

# I. BACKGROUND

On May 8, 2017, the Contra Costa County District Attorney filed a wardship petition pursuant to Welfare and Institutions Code section 602, alleging appellant, a minor, committed a felony by possessing a concealable firearm in violation of Penal Code section 29610.

On the afternoon of May 4, 2017, V.D., a maintenance supervisor at the Pittsburg Marina, saw appellant with some other young men in an area near the Pittsburg Marina maintenance yard. V.D. first saw appellant and the others through a cyclone fence, but backed away when he realized he would be seen. He then moved to a location inside a building where he could see them through an open door approximately 30 feet away.

V.D. saw appellant was standing up, while the others were sitting down. Appellant was dancing and waving a silver gun in the air. Appellant waved the gun in his right hand for more than 30 seconds, then set it down carefully on the ground. Appellant was wearing a white T-shirt. It was a "[v]ery bright day," and V.D. said he saw appellant and the gun "[v]ery clearly" from about 30 feet away.

V.D. contacted the police. About five minutes later, police officers arrived on the scene. They detained a group of four individuals, one of whom was appellant. One of the officers also discovered a shotgun and a silver revolver in the area where the young men had been. When officers asked V.D. to describe the person who had been holding a gun, he was only able to remember the person was wearing a white T-shirt, not a tank top.[1] At the scene, V.D. told officers he could not tell whether the individual with the gun had a ponytail, but later V.D. testified he saw someone with a ponytail that day but it was not the person waving the gun. At the jurisdictional hearing, V.D. again identified appellant as the person who had been holding the gun.

Officer Erica Baker also testified at the jurisdictional hearing. Baker said the first responding officers had relocated the four detained young men and had them sit on the ground about 15 feet away from where she and V.D. were standing. When Baker asked

---

[1] One of the individuals detained was wearing a white tank top.

2

V.D. to identify the person who had been waving the gun, he identified appellant. Baker testified she believed appellant wore a white T-shirt that day, and a heavier person with a ponytail wore a white tank top.

Photographs of the four individuals detained by police were also admitted into evidence at the hearing. The photo of appellant shows him wearing a black T-shirt.

The juvenile court sustained the allegations of the petition. The judge remarked, "[A]lthough it does come down to a question of identification—and I cannot explain why or understand why the photo of [appellant] has him wearing something that looks like a black shirt or t-shirt. Both [V.D.] and Officer Baker testified they observed [appellant] as one of the individuals wearing a white t-shirt when she came on scene. So the fact that Officer Baker observed [appellant] wearing a white t-shirt corroborates [V.D.] testifying in terms of his identification. He was pretty adamant, I thought, in court and apparently he seemed to be pretty sure of himself when he reported it to the police."

At the dispositional hearing, appellant was adjudged a ward of the court with no termination date. The court reduced his offense to a misdemeanor, and placed him on probation subject to various conditions.

## II. DISCUSSION

### A. *Substantial Evidence*

Appellant maintains the evidence was insufficient to prove beyond a reasonable doubt that he was the person holding the gun. Appellant contends the eyewitness identification is not reliable because the witness observed the person waving the gun from many feet away, and his testimony is inherently improbable because he said appellant was wearing a white T-shirt, but the photographs taken shortly thereafter showed appellant in a black T-shirt.

We review a substantial evidence claim in a juvenile case under the same standard of review applicable in adult criminal cases. (*In re V.V.* (2011) 51 Cal.4th 1020, 1026.) The relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. We review the entire record in the light most

3

favorable to the judgment below to determine whether it discloses sufficient evidence—that is, evidence that is reasonable, credible, and of solid value—supporting the decision, and not whether the evidence proves guilt beyond a reasonable doubt. [Citation.] We neither reweigh the evidence nor reevaluate the credibility of witnesses. [Citation.] We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence. [Citation.] If the circumstances reasonably justify the findings made by the trier of fact, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*People v. Jennings* (2010) 50 Cal.4th 616, 638–639.)

In this case, there was ample evidence appellant was the individual waving the gun. V.D. observed appellant from 30 feet away on a "[v]ery bright day." He watched him for about 30 seconds, dancing and waving the gun in the air, then carefully placing the gun on the ground. He saw appellant and the gun in his hand "[v]ery clearly." V.D. testified appellant was wearing a white T-shirt, testimony corroborated by Officer Baker's testimony. V.D. positively identified appellant at the scene from only 15 feet away, and again in open court.

Appellant's argument V.D.'s identification is inherently unreliable because the police photograph shows him in a black shirt is not persuasive. There is no evidence in the record about when the police photographs were taken. Moreover, testimony which merely discloses unusual or suspicious circumstances does not justify reversal. (See *In re Daniel G.* (2004) 120 Cal.App.4th 824, 830 [appellate court cannot reject trier of fact's credibility determination unless testimony is physically impossible or falsity is apparent without resorting to inferences or deductions]; *People v. Thornton* (1974) 11 Cal.3d 738, 754 [" 'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' "].) Further, the fact appellant was photographed wearing a black T-shirt was explored at the hearing, and the juvenile court's comments reflect the court considered that evidence. When "the circumstances surrounding the identification

4

and its weight are explored at length at trial, where eyewitness identification is believed by the trier of fact, that determination is binding on the reviewing court." (*In re Gustavo M.* (1989) 214 Cal.App.3d 1485, 1497.) So it is here. We find substantial evidence supports the juvenile court's finding appellant was the individual holding the gun.

## B. *Probation Conditions*

Appellant next challenges four of the probation conditions imposed by the juvenile court on the basis they are either unconstitutionally vague, overbroad, or both.

The juvenile court imposed the following conditions in its written order: (1) "Do not change residence without prior approval of [Deputy Probation Officer]"; (2) "Minor not to be on school campus unless enrolled"; (3) "Stay out of Riverview Park in Pittsburg, CA"; and (4) "Minor to have peaceful contact only with all law enforcement."[2] At the dispositional hearing, the court further explained the conditions as follows: "[Y]ou cannot change your address without the prior approval of the deputy probation officer. And you must notify the deputy probation officer of any change in residential address or telephone number within five days of any such change. [¶] . . . [¶] And you shall not be on a school campus unless you are enrolled. [¶] . . . [¶] And you must stay out of the Riverview Park in Pittsburg . . . . [¶] . . . [¶] And you must have peaceful contact with law enforcement. So what that means is you may be interacting with law enforcement, and you just cannot act aggressively toward law enforcement specifically. Not abridging your First Amendment rights. I just do not want you to act aggressively."

### 1. *Residence Change Approval*

As to the first condition regarding not changing his residence without prior approval from his probation officer, appellant argues the condition is facially overbroad, unconstitutionally restricts his right to travel and associate with his family, and grants arbitrary decisionmaking power to the probation officer to veto his future choice of residence "for any reason or no reason at all." We are not convinced.

---

[2] Though we have numbered the conditions (1) through (4) for convenience, they were paragraphs Nos. 8, 15, 20, and 23 in the trial court's order.

First, we conclude appellant forfeited his right to challenge the residency change approval condition by failing to object below.  We do not agree with his contention that his appeal raises a facial challenge or presents a pure question of law.  When the state takes jurisdiction over a minor, it takes legal custody of the child and " 'stands in the shoes of the parents.' " (*In re R.V.* (2009) 171 Cal.App.4th 239, 248.)  " '[T]he juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are tailored to meet the needs of the minor.' " (*Ibid.*)  Thus, whether appellant's probation condition is permissible depends on whether it is tailored to meet his specific needs, an inquiry which requires us to review his particular circumstances and the underlying factual record.  As our Supreme Court has observed, "characteristically, the trial court is in a considerably better position than the Court of Appeal to review and modify a . . . probation condition that is premised upon the facts and circumstances of the individual case." (*In re Sheena K.* (2007) 40 Cal.4th 875, 885 (*Sheena K.*) [facial challenge that the language of a probation condition is unconstitutionally vague and overbroad does not require scrutiny of individual facts and circumstances but review of abstract and generalized legal concepts].)

In any event, even if we considered appellant's overbreadth claim on the merits, we would reject it.  Courts often permissibly impose limitations on a probationer's movements as a condition of probation to facilitate supervision, rehabilitation, and compliance with the terms of their conditional release.  (*People v. Moran* (2016) 1 Cal.5th 398, 406 (*Moran*); see *Sheena K., supra,* 40 Cal.4th at p. 889 [juvenile court has wide discretion to impose probation conditions that further ends of justice and that reform and rehabilitate ward].)  A probation condition may reasonably restrict the constitutional rights to travel and freedom of association, so long as it reasonably relates to reformation and rehabilitation.  (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 995 (*Stapleton*).)

Two recent cases have rejected arguments a residency approval condition is unconstitutional.  In *Stapleton*, the defendant was required to live in a residence approved by his probation officer, give written notice 24 hours before changing his residence, and

6

was not allowed to move without approval from his probation officer. (*Stapleton*, *supra*, 9 Cal.App.5th at p. 992.) Recognizing the right to travel and freedom of association are " 'constitutional entitlements,' " the court nonetheless concluded the residency approval condition was reasonably related to reformation and rehabilitation because a probation officer must know where a probationer resides and with whom he is associating in deterring future criminality. (*Id.* at pp. 995–996.) Further, the residency conditions were appropriate in light of the defendant's crime and criminal history, which suggested a need for oversight. (*Id.* at p. 996.) In *People v. Arevalo* (2018) 19 Cal.App.5th 652 (*Arevalo*), the court likewise concluded a condition requiring the defendant to maintain a residence approved by her probation officer was constitutionally valid. Following *Stapleton,* the court observed there was nothing in the record to suggest the approval condition was designed to interfere with the defendant's right to live where she chooses, and the condition appropriately allowed the probation officer to supervise her residence because the nature of her crime made oversight necessary. (*Arevalo*, at pp. 657–658.)

Appellant's reliance on *People v. Bauer* (1989) 211 Cal.App.3d 937, 944 (*Bauer*), is unavailing. In that case, the court struck a probation condition similar to the one here, concluding any requirement the defendant obtain his probation officer's approval of a residency change was an "extremely broad" restriction, and was not "narrowly tailored to interfere as little as possible" with his constitutional rights. (*Ibid*.) *Bauer* is distinguishable, however, because it involved an adult probationer, not a juvenile. A court has broader power to fashion probation conditions for a juvenile ward than for an adult. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910.) "This is because juveniles are deemed to be 'more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' " (*Ibid.*) In addition, the *Bauer* court concluded the condition imposed in that case was unconstitutional because it was apparently designed to prevent the defendant from living with his overprotective parents and essentially "banish" him from his parents' home. (*Bauer, supra,* 211 Cal.App.3d at p. 944.) Such circumstances are not present here, where appellant lives with his mother and the probation department's approval applies only to a *change* of residence.

7

Appellant's expressed concern the condition will prevent him from moving or associating with his family is entirely speculative. He points to nothing in the record that suggests a probation officer would disapprove a change of residence if appellant sought to move with his mother. We interpret the residence change condition in light of our Supreme Court's instruction that probation conditions "should be given 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) We presume probation officers will not withhold approval of a residence change for arbitrary or capricious reasons.[3] (*Stapleton*, *supra*, 9 Cal.App.5th at pp. 996–997, citing *Olguin*, at p. 383; *Arevalo, supra*, 19 Cal.App.5th at p. 658.) In sum, we conclude appellant has not shown the residence change condition is unconstitutionally overbroad.

## 2. *No Presence on School Campus Unless Enrolled*

Appellant next challenges the condition he not be present on any school campus unless enrolled in the school. He asserts this probation condition is overbroad because he has a right to travel, and the condition unreasonably restricts his ability to visit other school campuses for a variety of legitimate purposes, such as touring college campuses, competing in a science fair, attending a sporting event, or picking up his siblings from their schools.

The Attorney General relies on an earlier case from this division, *In re D.G.* (2010) 187 Cal.App.4th 47 (*D.G.*), to argue the school probation condition in this case was not overbroad. In *D.G.,* we concluded a probation condition prohibiting the minor from coming within 150 feet of any school campus other than the school he was attending was unreasonable because it was not reasonably related to the minor's offenses,

---

[3] We also reject appellant's argument the residency condition impinges on his mother's constitutional right to care for her child. As a ward of the court, appellant is subject to the juvenile court's authority notwithstanding his mother's wishes. Appellant is also not without a remedy, because he may seek modification of the condition in juvenile court. (Welf. & Inst. Code, §§ 775, 778; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1141.)

nor would it serve a rehabilitative purpose by preventing future criminality.[4] (*D.G.*, at pp. 50, 53.) Rather than strike the condition, however, we modified it to comply with Penal Code section 627.2. (*D.G.*, at p. 57.) The modified condition stated: " 'Do not enter on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities.' " (*Id.* at p. 57.) In his reply brief, appellant contends we should modify the school campus condition so that it is consistent with the modified condition in *D.G.* Because both parties agree the condition should be modified to conform to the condition in D.G., we will do so. The probation condition is modified as follows: "Minor is not to be on a school campus unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities."

### 3. *Stay Out of Riverside Park*

The third probation condition provides appellant is to "Stay out of Riverview Park in Pittsburg, CA." Appellant argues the condition is unconstitutionally overbroad because it has no correlation to his criminality and thus banishes him from an area of the park where he might legitimately be without any appreciable increase in criminality. He also asserts it is vague because it does not define with sufficient clarity which areas are off limits.

To the extent appellant argues the probation condition is unconstitutionally overbroad because he was never in Riverside Park, his claim is dependent on the particular facts of his case and was forfeited by his failure to object in the trial court.[5] (See, e.g., *Sheena K. supra,* 40 Cal.4th at pp. 885, 889.) Appellant also argues, however, that the condition is unconstitutionally overbroad because it impinges on his right to

---

[4] Unlike here, the juvenile appellant in *D.G.* had objected to the probation condition in the court below, so we considered whether the condition was reasonable under *People v. Lent* (1975) 15 Cal.3d 481, and did not reach his constitutional arguments. (*D.G., supra,* 187 Cal.App.4th at p. 56, fn. 5.)

[5] Appellant's procedurally improper request in a footnote of his opening brief that this court "take judicial notice of the location and satellite image of the Pittsburg Marina maintenance yard as represented by Google maps" is denied.

travel and unconstitutionally vague because it does not reasonably inform him where Riverside Park begins and ends.  These challenges we consider—and reject—on their merits.  (See, e.g., *Sheena K.*, at p. 887 [challenge to probation condition on ground of unconstitutional vagueness or overbreadth that is capable of correction without reference to sentencing record presents a pure question of law reviewable on appeal].)

Several of our courts, including the California Supreme Court, have rejected claims that similar probation conditions are unconstitutionally broad restrictions on the right to travel.  In *Moran*, *supra*, 1 Cal.5th 398, the defendant had stolen $128 worth of merchandise from a Home Depot store in San Jose.  The defendant argued the trial court's probation condition requiring him to stay away from all Home Depot stores and adjacent parking lots in California violated his constitutional right to travel.  (*Id.* at pp. 401, 405.)  The Supreme Court, however, concluded the condition "simply [did] not implicate his constitutional travel right." (*Id.* at p. 407.)  The court noted "one struggles to perceive how the condition curtails his right to free movement in any meaningful way," as the defendant remained able to move freely about his community.  (*Ibid.*)  Here, the restriction on visiting a single park is even more limited than the probation condition the court found "too de minimis to implicate the constitutional travel right" in *Moran.* (*Id.* at p. 407; *Stapleton, supra,* 9 Cal.App.4th at pp. 997–998 [probation condition requiring defendant to stay away from Target stores and parking lots did not infringe his constitutional right to travel].)

We also disagree with appellant's contention the probation condition is too vague. "Probation conditions, like statutes, are unconstitutional if they are not sufficiently precise for the probationer to know what is required of him or her."  (*People v. Holzmann* (2018) 18 Cal.App.5th 1241, 1244 (*Holzmann*).)  Though a probation condition must be sufficiently clear and understandable to give the probationer "fair warning" of what is prohibited or required, the Constitution "demands ' "no more than a reasonable degree of certainty." ' " (*People v. Hall* (2017) 2 Cal.5th 494, 500, 503.)  "[T]he relevant question is whether a person who *wants* to comply with the law can reasonably understand how to do so—not whether a person seeking to break the law can find some ambiguity in it."

10

(*Holzmann*, at p. 1245.) Here, the condition that appellant stay out of Riverside Park in Pittsburg, California is stated in ordinary language and is sufficiently clear and understandable that appellant can comply with its requirements.

Appellant's argument that the condition is vague because it does not require that appellant know where the park begins and where it ends is not persuasive. A violation of a probation condition must be willful. (*People v. Hall*, *supra*, 2 Cal.5th at pp. 501–503 [probation conditions prohibiting possession of firearms and narcotics did not have to expressly articulate a knowledge requirement to provide defendant with fair warning that knowing possession was prohibited]; *Holzmann*, *supra*, 18 Cal.App.5th at pp. 1245–1246 [probation condition requiring defendant to stay away from "Apple campus" was not unconstitutionally vague because "campus" was understandable enough]; *In re Edward B.* (2017) 10 Cal.App.5th 1228, 1237 [probation condition prohibiting juvenile from being on a school campus unless enrolled did not need modification to add knowledge requirement].) To the extent appellant were to find himself in Riverside Park without knowing it, he would not be in violation of his probation. (See *Holzmann*, at p. 1246; *In re Edward B.*, at p. 1237.) In short, appellant's claim the probation condition requiring him to stay out of Riverside Park is unconstitutional fails on the merits.

### 4. *Peaceful Contact with Law Enforcement*

Finally, appellant asserts the condition he must have "peaceful" contact with and not act "aggressively" toward law enforcement is unconstitutionally vague. We agree.

" 'A probation condition "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' " (*People v. Barajas* (2011) 198 Cal.App.4th 748, 753.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*Sheena K., supra,* 40 Cal.4th at p. 890.) Fair warning requires that a probation condition's mandates be described in a manner so that " ' " 'ordinary people can understand what conduct is prohibited.' " ' " (*In re Angel J.* (1992) 9 Cal.App.4th 1096, 1101; *Sheena K.*, at p. 890.) "[T]o the extent the goal of precise expression permits,

11

probation conditions—particularly in juvenile cases—should be as *comprehensible* as possible." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1157.)

The condition requiring appellant to have only "peaceful" contact with law enforcement does not give fair warning what conduct is required or prohibited, nor does it provide guidance as to what would constitute a violation. (See, e.g., *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1196–1198 [probation condition requiring defendant to report " 'any contacts with . . . any peace officer' " was vague and overbroad because the language "leave[s] one to guess what sorts of events and interactions qualify as reportable"].) The court's comments at the disposition hearing that appellant should not "act aggressively" do little to help clarify. The Attorney General does not identify any applicable legal definition of either "peaceful" or "aggressive,"[6] and as their dictionary definitions reflect, the words have a variety of ordinary meanings and connotations. "Peaceful" means "untroubled by conflict, agitation, or commotion: quiet, tranquil," or "devoid of violence or force." (Merriam-Webster's Collegiate Dict. (11th ed. 2003) p. 911.) Does the condition that appellant remain peaceful when interacting with law enforcement require him to remain quiet and tranquil? Or does it merely require he refrain from exhibiting force? Likewise, "aggressive" has several meanings, including being "marked by" (a) "combative readiness," (b) "obtrusive energy," or (c) "driving forceful energy or initiative." (Merriam-Webster's Collegiate Dict., *supra*, at pp. 24–25.) These definitions cover a wide range of potential behaviors.

The variety of different meanings in turn affects our common understanding of the terms. People of ordinary intelligence disagree as to what constitutes "peaceful" or "aggressive" behavior, and law enforcement and probation officers likely have divergent

---

[6] We note restraining orders and probation conditions mandating "peaceful contact" with witnesses or victims are common, and have been referenced in several published decisions. (See, e.g., *People v. Valdivia* (2017) 16 Cal.App.5th 1130, 1156, review granted Feb. 14, 2018, S245893; *People v. Seymour* (2015) 239 Cal.App.4th 1418, 1424.) We have not encountered in our case law, however, any example of a probation condition requiring "peaceful contact" with *law enforcement*, nor have the parties cited to one.

views on the subject.  One person might find a particular tone of voice, sarcastic comment, or body language "aggressive" or "not peaceful," while another would conclude the same conduct was innocuous.  The juvenile court's statement that it was "[n]ot abridging [appellant's] First Amendment rights" reflects the difficulty of determining what is expected.  One can readily foresee, for example, a circumstance in which one person views a probationer's vociferous objections to police treatment as peaceably exercising constitutional rights, while another sees the same behavior as acting "aggressively."

Appellant suggests we either strike the condition or modify it to allow appellant to have lawful interactions with law enforcement.  We fail to see how that mandate is not already fulfilled by the probation condition that appellant "obey all laws."  Because no party proposes a modification of the condition that would remedy its ambiguity or add anything not already covered by the other probation conditions imposed by the juvenile court, we will strike this condition.

### III.  DISPOSITION

We strike the probation condition requiring peaceful contact with law enforcement.  We modify the condition regarding appellant's presence on school campuses as stated above, and otherwise affirm the judgment.

13

_____
Margulies, J.

We concur:


_____
Humes, P.J.


_____
Dondero, J.

A152105
*In re G.B.*

14

Filed 6/13/18

# CERTIFIED FOR PARTIAL PUBLICATION[*]

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re G.B., a Person Coming Under the Juvenile Court Law. | A152105 |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br> G.B., <br><br>     Defendant and Appellant. | (Contra Costa County <br> Super. Ct. No. J17-00553) <br><br> ORDER CERTIFYING OPINION FOR PARTIAL PUBLICATION <br><br> NO CHANGE IN JUDGMENT |

THE COURT:

The opinion in the above-entitled matter filed on May 31, 2018, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published, with the exception of parts I. and II.A., in the Official Reports.

Dated:

_____
Margulies, Acting P.J.

_____

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I. and II.A.

Trial Court:   Contra Costa County Superior Court

Trial Judge:   Hon. Susanne M. Fenstermacher

Counsel:

Nathan Siedman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Donna M. Provenzano and Violet M. Lee, Deputy Attorneys General for Plaintiff and Respondent.