Filed 12/27/21  P. v. Alvarado CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICHARD ANTHONY ALVARADO,<br><br>        Defendant and Appellant. | A161097<br><br>(Del Norte County<br>Super. Ct. No. CRF-209175) |

Richard Anthony Alvarado pled guilty to brandishing a firearm in the presence of a peace officer (Pen. Code, § 417, subd. (c)).[1]  The trial court suspended imposition of sentence and placed him on probation for three years.  Alvarado appeals, contending that several of his probation conditions are facially unconstitutional, that a clerical error should be corrected, and that recent changes in the law require us to vacate an imposed fee and modify the term of his probation.  We agree in part and remand for modification.

**BACKGROUND**

**A.**

Law enforcement responded to reports of gun shots fired in the residential neighborhood where Alvarado lived.  It was

---

[1] Undesignated statutory references are to the Penal Code.

1

determined that the shots were coming from Alvarado's house. Alvarado opened his front door, told the responding officers to leave, returned inside, and refused to come out. During a standoff that lasted several hours, responding officers in Alvarado's yard observed him, inside his home, holding a gun and pointing it in the direction of the windows and the officers.

## B.

Alvarado pled guilty to brandishing a firearm in the presence of an officer and agreed to undergo a mental health evaluation and cooperate in any treatment plan in exchange for a guaranteed grant of probation, a stipulation that he would serve no more than 180 days in jail as a probation condition, and dismissal of the other charged count—discharging a firearm with gross negligence (§ 246.3, subd. (a)).

## C.

Alvarado later sought to withdraw his plea. The trial court denied his motion, placed him on formal probation for a period of three years, and dismissed the remaining count. Among other conditions of his probation, the trial court required Alvarado to: (1) "report any law enforcement contact" to his probation officer within 24 hours (the Police Contact Reporting Condition); (2) "cooperate with the probation officer in a plan for psychological, psychiatric, or substance abuse treatment or any other rehabilitation and follow all directions of the probation officer" (the Treatment Condition); (3) "maintain a residence and employment as approved by the probation officer" (the Residency Approval Condition); (4) "refrain from associating with persons known to him to be engaged in criminal activities or persons designated to him by the probation officer" (the No-Contact Condition); and (5) not possess or control any firearm or ammunition.

2

The trial court stated it was waiving the presentence report preparation fee based on Alvarado's inability to pay. However, the trial court imposed other fines and fees—including a $21 monthly probation supervision fee.

## DISCUSSION

### A.

Alvarado argues, and the People concede, that the Police Contact Reporting Condition is unconstitutionally vague and overbroad. We agree.

### 1.

Trial courts have broad discretion to determine suitable probation conditions that foster rehabilitation and protect public safety. (§ 1203.1, subd. (j); *People v. Moran* (2016) 1 Cal.5th 398, 403; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) This discretion is limited by a reasonableness requirement and probation conditions are typically reviewed for abuse of discretion. (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355 (*O'Neil*).)

Probation conditions are also subject to constitutional scrutiny. Probation conditions may impinge on a probationer's constitutional rights because a probationer does not enjoy the same level of constitutional protection as other citizens. (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 993 (*Stapleton*).) To survive an overbreadth challenge, a probation condition that limits a probationer's constitutional rights "must closely tailor those limitations to the purpose of the condition." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) "The essential question . . . is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical

3

necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

To survive a vagueness challenge, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Sheena K., supra*, 40 Cal.4th at p. 890.) "A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed." (*In re E.O., supra,* 188 Cal.App.4th at p. 1153.) "Whether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo." (*Stapleton, supra,* 9 Cal.App.5th at p. 993.)

**2.**

The Police Contact Reporting Condition requires Alvarado to "report *any* law enforcement contact" to his probation officer within 24 hours.  (Italics added.)

Alvarado failed to object to any of the challenged conditions below.  Although the failure to make a timely objection in the trial court ordinarily forfeits a claim of error on appeal (*Sheena K., supra,* 40 Cal.4th at p. 880), we may nonetheless address his facial constitutional challenges for the first time because they raise pure questions of law that we can resolve without reference to the sentencing record.  (*Id.* at pp. 885, 887-889.)

**3.**

Alvarado argues that the Police Contact Reporting Condition is unconstitutionally vague and overbroad because there is no definition of what type of law enforcement contact he must report.  In other words, the phrase "any law enforcement contact" is unconstitutionally vague because it leaves him guessing at whether he must report innocent and trivial encounters with a law enforcement officer, such as at a social

4

event.  To the extent it requires him to report social or political contacts with law enforcement officers, Alvarado contends the condition is overbroad.

We agree with Alvarado (and the People) that the Police Contact Reporting Condition must be modified because it fails to distinguish between casual contact with law enforcement officers that involves no suspicion of criminal activity and the types of contact that would merit further investigation by Alvarado's probation officer.  (See *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1196-1197 [probation condition requiring defendant to " 'report . . . any . . . contacts with . . . any peace officer' " was unconstitutionally vague and overbroad]; *In re I.M.* (2020) 53 Cal.App.5th 929, 936 (*I.M.*) [relying on *Relkin* to conclude probation condition requiring minor " 'report any police contacts' " was unconstitutionally vague and overbroad].)

Alvarado can only guess at which contacts he is required to report and, accordingly, the condition must be modified.  (*I.M., supra,* 53 Cal.App.5th at pp. 936-937 [remanding to juvenile court for determination whether to modify or strike condition]; *People v. Relkin, supra,* 6 Cal.App.5th at p. 1198 [remanding for trial court's modification].)  The trial court should closely tailor the condition to its purpose "and use language that is sufficiently precise so that [Alvarado] will know what types of police contacts [he] is required to report." (*I.M., supra,* at p. 937.)

## B.

Alvarado also challenges the Treatment Condition as unconstitutionally vague, overbroad, and an impermissible delegation of judicial authority.  We disagree.

## 1.

The Treatment Condition requires Alvarado to "cooperate with the probation officer in a plan for psychological, psychiatric, or substance abuse treatment or any other rehabilitation and

5

follow all directions of the probation officer." Alvarado concedes that he failed to object to this condition in the trial court.

If Alvarado had concerns about the court's delegation to the probation officer or believed certain treatment was insufficiently tailored to his rehabilitative needs, he could have objected and asked the trial court to clarify the condition when it was imposed. He did not. The purpose of the forfeiture rule is to encourage parties to bring errors to the attention of the trial court so they may be immediately corrected. (*Sheena K., supra*, 40 Cal.4th at pp. 880-881.)

The People may be correct that Alvarado's challenge to the Treatment Condition is an "as-applied" challenge rather than a facial challenge involving a pure question of law. To the extent it is, he has forfeited the issue on appeal by failing to object below. (See *Sheena K., supra*, 40 Cal.4th at p. 889; *People v. Patton* (2019) 41 Cal.App.5th 934, 946.) However, we need not conclusively resolve that issue because, upon closer examination, his concerns are misplaced.

**2.**

Alvarado acknowledges that the trial court had the authority to order him to participate in and complete a rehabilitative program *it* specified. However, he insists the Treatment Condition violates the separation of powers by impermissibly delegating, to his probation officer, judicial authority to specify that rehabilitative program. He also maintains that the purportedly open-ended nature of the probation officer's discretion renders the Treatment Condition unconstitutionally vague and overbroad. We disagree.

"It is well settled that courts may not delegate the exercise of their [judicial] discretion to probation officers." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1372.) However, "a 'court may leave to the discretion of the probation officer the specification of the

6

many details that invariably are necessary to implement the terms of probation.' " (*In re David C.* (2020) 47 Cal.App.5th 657, 669 (*David C.*); accord, *People v. Penoli* (1996) 46 Cal.App.4th 298, 307-309 (*Penoli*).) "The trial court is poorly equipped to micromanage selection of a program, both because it lacks the ability to remain apprised of currently available programs and, more fundamentally, because entry into a particular program may depend on mercurial questions of timing and availability." (*Id.* at p. 308.)

In construing a probation condition, we use " ' "context and common sense" ' " to understand terms as would a " ' "reasonable, objective reader." ' " (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129.) A probation condition should not be invalidated as unconstitutionally vague if its terms may be made reasonably certain by reference to other sources. (*Ibid.*)

Although we see Alvarado's point, the Treatment Condition is not vague when viewed in the proper context. Nor does it grant the probation officer unfettered discretion to decide what type of treatment he will be required to undergo. When he entered his plea, Alvarado explicitly agreed, as part of the negotiated disposition, to undergo a *mental health* evaluation and to cooperate with any treatment plan thereafter recommended. He had a dialogue with the judge clarifying that he will "go to a mental health professional who will make an assessment" about further treatment, and Alvarado said he understood. After denying Alvarado's motion to withdraw his plea, the trial court again made clear that Alvarado was ordered to obtain a mental health assessment. The probation order does not require drug testing or include any other conditions related to substance abuse. On this record, the Treatment Condition's reference to "substance abuse treatment or any other rehabilitation" must be disregarded as surplusage. Alvarado understood the trial court

7

was requiring him to engage in a mental health assessment and treatment, if deemed appropriate.

Viewed in context, the trial court ordered Alvarado to engage in mental health treatment and left the probation officer to implement the details.  This is not improper.  (See *David C., supra,* 47 Cal.App.5th at pp. 668-669 [rejecting vagueness and impermissible delegation challenges to condition requiring minor to " 'submit to a psychological/psychiatric evaluation as directed by the probation officer' " and to participate in any " 'programs of psychological assessment at the direction of treatment provider' "]; *Penoli, supra,* 46 Cal.App.4th at pp. 307-310 [upholding condition allowing probation officer to decide most suitable drug treatment program].)  Alvarado will not be left guessing at what is expected of him "given that he will be directed by his treatment provider or probation officer regarding the required evaluations and assessments." (*David C., supra,* at p. 669.)

We presume that the probation officer will not make irrational demands that Alvarado complete programs that are unrelated to his mental health assessment and treatment. (*People v. Olguin* (2008) 45 Cal.4th 375, 383.)  And if Alvarado is concerned with any specific program identified by the probation officer, he "can seek judicial intervention--by moving to modify the probation order, if nothing else--if and when the probation officer seeks to exercise the delegated authority." (*Penoli, supra*, 46 Cal.App.4th at p. 308.)

The Treatment Condition does not impermissibly delegate judicial authority and is not unconstitutionally vague or overbroad.

## C.

Alvarado also challenges the Residency Approval Condition, which requires him to "maintain a residence . . . as

approved by the probation officer." Specifically, Alvarado insists this condition is unconstitutionally overbroad because it infringes upon his constitutional freedom of association and right to travel even though "[his] offense was not obviously related to his . . . residence[.]" We disagree.

Again, we agree with the People that any as-applied challenge was forfeited when Alvarado failed to object below. (See *In re G.B.* (2018) 24 Cal.App.5th 464, 469 (*G.B.*) [whether condition is sufficiently tailored to meet minor's needs is an inquiry requiring "review [of] his particular circumstances and the underlying factual record"].) But, even if we consider the merits of a facial challenge, we conclude that the condition is not overbroad. Similar residency approval conditions have survived constitutional challenge. (*G.B., supra,* 24 Cal.App.5th at pp. 469-470; *People v. Arevalo* (2018) 19 Cal.App.5th 652, 657-658; *Stapleton, supra,* 9 Cal.App.5th at pp. 995-996.)

In the abstract, it cannot be disputed that conditions like the Residency Approval Condition can further rehabilitation. (See, e.g., *Stapleton, supra,* 9 Cal.App.5th at p. 995 ["where defendant lives may directly affect his rehabilitation, considering his history with issues related to his mental health and substance abuse"].) Even if we consider Alvarado's circumstances more specifically, the Residency Approval Condition appears to further Alvarado's rehabilitation by deterring him from living in a home where firearms are present. We "presume a probation officer will not withhold approval for irrational or capricious reasons." (*Id.* at p. 996; accord, *G.B., supra*, 24 Cal.App.5th at p. 471.)

9

The Residency Approval Condition is not unconstitutionally overbroad on its face.[2]

## D.

Finally, Alvarado argues the No-Contact Condition is unconstitutionally vague and overbroad because he is prohibited from "associating with persons known to him to be engaged in criminal activities *or persons designated to him by the probation officer*." (Italics added.) We disagree.

Alvarado contends the italicized portion of the No-Contact Condition is indistinguishable from the probation condition successfully challenged in *O'Neil, supra,* 165 Cal.App.4th 1351. In that case, our colleagues in Division Three considered a broader condition—one that prohibited the defendant from associating or being present with " 'any person, as designated by [his] probation officer.' " (*Id.* at p. 1354.) The condition was deemed vague and overbroad because it provided "no limits on those persons whom the probation officer may prohibit defendant from associating with." (*Id.* at p. 1357.) It "would allow the probation officer to banish defendant by forbidding contact with his family and close friends, even though such a prohibition may have no relationship to the state's interest in reforming and rehabilitating defendant." (*Id.* at p. 1358.)

*O'Neil* is distinguishable. The *O'Neil* condition did not "provide *any* guideline as to those with whom the probation department may forbid association." (*O'Neil, supra,* 165 Cal.App.4th at pp. 1357-1358, italics added.) Here, the portion of the condition that prohibits Alvarado from "associating with persons known to him to be engaged in criminal activities" provides guidance to us and to the probation officer. (See *People*

---

[2] Alvarado misplaces his reliance on *People v. Bauer* (1989) 211 Cal.App.3d 937, which addressed an as-applied challenge. (*Id.* at pp. 944-945.)

10

*v. Brand* (2021) 59 Cal.App.5th 861, 870-871 [construing probation condition in context]; *People v. Rhinehart, supra,* 20 Cal.App.5th at pp. 1128-1129 [same].)  That context informs " 'a reasonable, objective reader' " (*People v. Olguin, supra,* 45 Cal.4th at p. 382) that the court aims to deter Alvarado from associating with others "engaged in criminal activities."  The probation officer has no discretion to restrict Alvarado's association with persons who are not so engaged.

As we have construed it, the No-Contact Condition is not unconstitutionally vague or overbroad.  Nor has the trial court impermissibly delegated its authority to impose probation conditions.

## E.

Alvarado argues, and the People concede, that the written probation order must be modified to reflect that the trial court did not order Alvarado to reimburse the cost of preparing the presentence report.  We agree that the written order must be corrected.

In its oral pronouncement, the trial court explicitly found that Alvarado lacked the ability to reimburse the county for costs associated with preparing the presentence report.  The written order is in conflict.  In this situation, the trial court's oral pronouncement controls.  (See *People v. Mesa* (1975) 14 Cal.3d 466, 471 ["a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error"]; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

We will order the written order corrected.

## F.

Next, Alvarado argues, and the People concede, that pursuant to the recent enactment of Assembly Bill No. 1869

11

(2019-2020 Reg. Sess.) we must strike the $21 monthly probation supervision fee.  We concur.

Shortly after Alvarado's sentencing hearing, Assembly Bill No. 1869 repealed the statute, effective July 1, 2021, that had authorized collection of the probation supervision fee (former § 1203.1b, subd. (a), as amended by Stats. 2014, ch. 468, § 1). (Stats. 2020, ch. 92, § 47; *People v. Clark* (2021) 67 Cal.App.5th 248, 252.)  The Legislature also enacted section 1465.9, which provides that, as of July 1, 2021, the balance of any costs imposed by a court "pursuant to Section . . . 1203.1b . . . as [that] section[] read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs *shall be vacated.*"  (§ 1465.9, subd. (a), as amended by Stats. 2020, ch. 92, § 62, italics added.)  Accordingly, we are required to strike the monthly probation supervision fee.  (*Ibid.*; *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953-954, & fn. 8; *Clark, supra,* at pp. 259-260.)

## G.

Finally, the term of Alvarado's probation must be reduced to two years.

At the time the trial court placed Alvarado on probation, the governing statute authorized imposition of felony probation "for a period of time not exceeding the maximum possible term of the sentence" or, where the maximum possible term was five years or less, for a maximum of five years.  (Former § 1203.1, subd. (a), as amended by Stats. 2010, ch. 178, § 75; *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1070, review granted June 30, 2021, S268787.)  While Alvarado's appeal was pending, the Legislature enacted Assembly Bill No. 1950 (2019–2020 Reg. Sess.), which limits felony probation to a maximum term of two years for most felony offenses, with exceptions that do not apply here.  (§ 1203.1, subds. (a), (m); Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021.)

12

The People concede that the ameliorative amendment applies retroactively to judgments, like Alvarado's, that are not yet final. (*People v. Stewart, supra*, 62 Cal.App.5th at p. 1074; *People v. Sims* (2021) 59 Cal.App.5th 943, 964; *People v. Quinn* (2021) 59 Cal.App.5th 874, 881, 883.) We agree.

However, the People ask us to remand the case so that the trial court may modify Alvarado's term of probation. (See *People v. Lord* (2021) 64 Cal.App.5th 241, 246 [remanding for resentencing]; *People v. Sims, supra*, 59 Cal.App.5th at pp. 947, 964 [same].) The People fail to explain why this is necessary and would not waste scarce judicial resources. Nothing stated in this opinion precludes a party from seeking expungement or modification of Alvarado's probation terms in the trial court. (*See People v. Quinn, supra*, 59 Cal.App.5th at p. 885, fn. 6.)

## DISPOSITION

The judgment is modified to strike the probation supervision fee and to reduce the term of probation to two years. We remand the matter to the trial court with directions to modify the Police Contact Reporting Condition to clarify the types of police contacts that Alvarado must report. The trial court is also directed to prepare an amended written order of probation that reflects the above modifications and that deletes any reference to Alvarado being required to reimburse the cost of preparing the presentence report. The trial court shall notify the appropriate supervising authorities of these changes. In all other respects, the judgment is affirmed.

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

NEEDHAM, J.

A161097