Filed 6/2/25  P. v. Juarez-Victoria CA2/6
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>JOSE ADIEL JUAREZ-VICTORIA,<br><br>　　Defendant and Appellant. | 2d Crim. No. B326443<br>(Super. Ct. No. 22CR03660)<br>(Santa Barbara County)<br><br>OPINION ON TRANSFER<br>FROM SUPREME COURT |

　　　　Jose Adiel Juarez-Victoria was convicted, by jury, of assault with the intent to commit sexual penetration (Pen. Code, § 220)[1], misdemeanor battery (§ 242), and misdemeanor false imprisonment.  (§ 236.)  The trial court suspended execution of judgment and placed appellant on probation for four years.  He challenges one probation condition as unconstitutionally overbroad, three conditions as unconstitutionally vague, and

---

　　　　[1] All statutory references are to the Penal Code unless otherwise stated.

another as impermissibly delegating discretion to the probation officer.

Originally, we affirmed. We concluded the probation conditions to which appellant objected were not unconstitutionally overbroad or vague. Our Supreme Court granted review. It then transferred the matter to us with directions to vacate our decision and "reconsider the cause in light of *In re D.H.* (2016) 4 Cal.App.5th 722, 729. (Cal. Rules of Court, rule 8.528(d).)" (*People v. Juarez Victoria* (May 14, 2025) S289360.)

On remand, appellant contends the condition prohibiting him from possessing or accessing "sexually stimulating or sexually oriented material" and the condition requiring him to maintain "'a standard of personal appearance that will not impede obtaining employment'" should be stricken as unconstitutionally vague. Respondent concedes the condition relating to sexually oriented material requires further clarification. We remand the matter with directions to the trial court to consider whether to strike this condition. If the trial court determines the condition should not be stricken, the court should consider the purpose it is intended to serve and, in light of that purpose, define more specifically the materials appellant is prohibited from accessing. In all other respects, we affirm.

*Facts*

In the early morning hours of May 19, 2022, Jane Doe, a college student, walked alone several blocks to her apartment. As she walked past an Amtrak station, appellant approached her and spoke to her in Spanish, which Jane Doe did not understand. Appellant used a translation application on his cell phone to tell Doe that she was beautiful and should come

2

home with him.  Appellant grabbed Doe's arm, shoulders and waist.  She pushed him away and told him that she just wanted to go home.

Appellant prevented Doe from leaving and pushed her against a wall.  He tried to kiss her and succeeded in touching her breasts and buttocks under her clothing.  Doe told him to stop.  He told her not to move and to be quiet.  After moving Doe to another wall, appellant held her firmly and pressed her face first against the wall.  Doe continued to say no and ask appellant to stop; she could not move.  Appellant refused to stop touching her.  He pushed her pants down and touched her vagina.  Doe told him to stop, tried to push back against him and tried to move his hand away.

Doe was able to free herself at some point and pulled up her pants.  At about the same time, she saw a white car pull into a nearby parking lot.  The driver of that car was appellant's cousin.  He saw the two arguing and stopped to ask what was going on.  Doe stated that she wanted to go home alone.  Appellant urged her to stay or to go home with him.  Finally, he allowed Doe to leave, although he said that he wanted to accompany her home.  Doe walked home in a way that the men could not see where she was heading.

When Doe got back home, she called police.  She gave a statement but did not want to submit to a sexual assault examination.  Swabs taken by the police from her person were tested for DNA.  Analysis of a DNA sample taken from Doe's right breast revealed appellant's DNA.

Appellant testified that their entire encounter was consensual.  When she asked him to stop, he did.  He did not try to stop her from walking away.

*Procedural History*

Appellant was charged with assault with intent to commit rape (§ 220), forcible sexual penetration with a foreign object (§ 289, subd. (a)(1)(A)), sexual battery by restraint (§ 243.4, subd. (a)), and false imprisonment by violence. (§ 236.) The jury acquitted appellant of the assault charge and found him guilty of three lesser included offenses: assault with the intent to commit sexual penetration (§ 220), misdemeanor battery (§ 242), and misdemeanor false imprisonment. (§ 236.)

The trial court suspended imposition of sentence and granted appellant probation on several conditions. Appellant received credit for 260 days in custody and 260 days of good conduct credit. He challenges six probation conditions on the grounds that they are overbroad, vague and delegate too much discretion to the probation officer.

Probation Condition 15 directs appellant to "[n]ot change place of residence . . . without the permission of the Probation Officer." An addendum to the conditions of probation further instructs appellant, "Do not change your residence . . . without written approval of the Probation Officer." Appellant contends these conditions are overbroad in that they infringe on his right to travel and freedom of association.

Condition 11 in the addendum states, "Do not possess any sexually stimulating or sexually oriented material in any form, or receive or access any sexually oriented media, without the written approval of the probation officer, or patronize any adults-only establishment where such material or entertainment is available." Appellant contends this condition is impermissibly vague.

4

Condition 17 requires appellant to "Maintain a standard of personal appearance that will not impede obtaining employment." He contends this condition is also void for vagueness. Similarly, appellant contends that Condition 13 in the addendum is void for the same reason. This condition requires appellant to "Be responsible for your appearance, including the wearing of undergarments and appropriate clothing in public locations and when others are present."

Finally, Condition No. 29 provides, "Enter and complete sex offender therapy as directed by the Probation Officer. Do not cease therapy until released by both the therapist and Probation Officer."[2] Appellant contends this condition improperly delegates authority to the probation officer because it excludes the trial court from any role in determining the duration of the therapy.

Respondent contends appellant has forfeited each contention because he did not object to the conditions in the trial court. Alternatively, respondent contends the conditions are not overbroad, void for vagueness or impermissibly delegating discretion to the Probation Officer.

*Standard of Review*

"Generally, trial courts are given broad discretion in fashioning terms of probation in order to foster the reformation

---

[2] Appellant indicates he has no objection to the related Condition No. 5 in the addendum which requires him, "[a]t the direction of the probation officer and at your own expense, enroll in, actively participate in, and remain in sex offender treatment for a period [of] no less than one year. The length of the period in the program is to be determined by the certified sex offender management professional in consultation with the probation officer and as approved by the Court."

5

and rehabilitation of the offender while protecting public safety. [Citation.]  Therefore, we review the imposition of a particular condition of probation for abuse of that discretion.  'As with any exercise of discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances. [Citation.]'  [Citation.]" (*People v. Arevalo* (2018) 19 Cal.App.5th 652, 656 (*Arevalo*).)

We review constitutional challenges under a different standard.  "Whether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo." (*People v. Martinez* (2014) 226 Cal.App.4th 759, 765, disapproved on other grounds, *People v. Bryant* (2021) 11 Cal.5th 976, 988-989.)

*Discussion*

General Principles.  Appellant challenges certain probation conditions on the ground that the conditions are overbroad, vague and delegate too much authority to the probation officer.  A probation condition may be considered unconstitutionally overbroad "'if it (1) "impinge[s] on constitutional rights," and (2) is not tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation." . . .'" (*Arevalo, supra,* 19 Cal.App.5th at pp. 656-657.)  A probation condition may curtail the exercise of constitutional rights, such as the right to travel or freedom of association, if the condition is carefully tailored and reasonably related to the probationer's rehabilitation or to public safety. (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 995-996 (*Stapleton*).)  "'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the

6

restriction and the burden it imposes on the defendant's constitutional rights . . . .'" (*Id.* at p. 993, quoting *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

A probation condition may be unconstitutionally vague if it does not "give the probationer 'fair warning' of what is prohibited or required" to a reasonable degree of certainty. (*In re G.B.* (2018) 24 Cal.App.5th 464, 473.) The condition "'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated' . . . ." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.) "[T]he relevant question is whether a person who wants to comply with the law can reasonably understand how to do so – not whether a person seeking to break the law can find some ambiguity in it." (*People v. Holzmann* (2018) 18 Cal.App.5th 1241, 1245 (*Holzmann*).) We will not invalidate a condition as unconstitutionally vague "'"if any reasonable and practical construction can be given to its language."'" (*People v. Hall* (2017) 2 Cal.5th 494, 501 (*Hall*).)

A finding that a probationer has violated the conditions of his or her probation "typically requires proof that the probation violation was willful." (*Hall, supra,* 2 Cal.5th at p. 498.) A probationer "who has possession, custody or control of contraband willfully violates probation where the probationer has knowledge of the contraband's presence and its restricted nature, regardless of whether the item is criminal in itself, or merely related to criminality." (*Id.* at p. 499.) This is true regardless of whether the probation condition includes an express knowledge or willfulness requirement. "California case law already articulates not only a general presumption that a violation of a

probation condition must be willful, but also specifically provides that probation conditions barring possession of contraband should be construed to require knowledge of its presence and its restricted nature." (*Id.* at p. 501.)

Forfeiture. As an initial matter, we reject respondent's contention that appellant forfeited review of his claims by failing to object in the trial court. Where a challenge to a probation condition on the ground of unconstitutional overbreadth or vagueness presents a "pure question of law," the forfeiture rule does not apply because that error "is capable of correction without reference to the particular sentencing record developed in the trial court . . . ." (*In re Sheena K., supra,* 40 Cal.4th at p. 887; see also *People v. Smith* (2022) 79 Cal.App.5th 897, 901 (*Smith*) [facial constitutional challenge to probation condition "may be considered for the first time on appeal because it does not depend on the underlying factual record"].)

Residency. Appellant challenges as overbroad two conditions that require him to obtain the written approval of his probation officer before changing his place of residence. He contends the residency condition infringes on his right to travel and on his freedom of association. We disagree.

Appellant's sexual assault of Jane Doe occurred within walking distance of her home. The residency condition is reasonably related to enforcement of another probation condition that requires appellant to avoid any contact with Jane Doe. It will also help to protect Jane Doe's safety by making it less likely that appellant moves even closer to her residence. (*Stapleton, supra,* 9 Cal.App.5th at p. 996.) In addition, the condition provides information that is useful for effective supervision by ensuring that appellant's probation officer is always apprised of

8

where he lives. (*People v. Moran* (2016) 1 Cal.5th 398, 406 ["probation officers' awareness of probationers' whereabouts facilitates supervision and rehabilitation and helps ensure probationers are complying with the terms of their conditional release"].) Because the residency conditions are carefully tailored to public safety, they are not unconstitutionally overbroad. (*Stapleton, supra,* at pp. 995-996.)

Sexually Oriented Material. Condition 11 of the addendum provides that appellant may not "possess any sexually stimulating or sexually oriented material in any form, or receive or access any sexually oriented media, without the written approval of the probation officer, or patronize any adults-only establishment where such material or entertainment is available." Appellant contends the condition is unconstitutionally vague because it fails to give him sufficient notice as to what is prohibited and does not require knowing possession of prohibited material.

Probation conditions are not expected to achieve "'absolute clarity'" in describing conduct that is prohibited or required. (*Hall, supra,* 2 Cal.5th at p. 503.) Instead, the vagueness doctrine "demands '"no more than a reasonable degree of certainty."'" (*Ibid.*)

In *In re D.H.* (2016) 4 Cal.App.5th 722, a juvenile was placed on probation after admitting that he committed indecent exposure on a city bus. (§ 314(1).) As a condition of his probation, the juvenile court ordered, "'You're not to access pornography on any electronic devices or otherwise.'" (*In re D.H., supra,* at p. 725.) The court of appeal held, "the term 'pornography' is inherently vague . . . ." (*Id.* at p. 728.) Because the term "pornography" is "subjective and subject to different

9

interpretations," the court concluded the probation condition was unconstitutionally vague and could not be made sufficiently precise by adding a knowledge requirement. (*Id.* at p. 729.) Instead, the court of appeal directed the juvenile court to modify the condition "to define more precisely the material the court intends to prohibit. We suggest that in doing so the court carefully consider what purpose this condition is intended to serve, as it is far from clear to us how restricting D.H.'s access to *any* materials that might be considered pornographic will help him avoid the behavior he exhibited in committing his offense or aid more generally in his rehabilitation." (*Ibid.*)

   *In re D.H., supra,* declined to follow both *People v. Pirali* (2013) 217 Cal.App.4th 1341 and *People v. Turner* (2007) 155 Cal.App.4th 1432. In each of those cases, the court concluded a no-pornography condition would pass constitutional muster if modified to prohibit the probationer from possessing materials having been informed in advance by the probation officer that the materials were inappropriate. (*Pirali, supra,* at p. 1353; *Turner, supra,* at pp. 1436-1437.) The court in *In re D.H.,* reasoned, "[T]he no-pornography condition is vague because the term 'pornography' itself is unclear. As a result, it cannot be made sufficiently precise by modifying it to prohibit accessing materials that the probationer knows are pornographic because the term itself is subjective and subject to different interpretations." (*In re D. H., supra,* 4 Cal.App.5th at p. 729.)

   The probation condition at issue here does not define the terms "sexually stimulating or sexually oriented" nor does it require an advance determination by a probation officer that material is inappropriate. Following the Supreme Court's direction and *In re D.H.,* we conclude the condition is inherently

10

vague and cannot be made sufficiently clear by adding an advance knowledge requirement. Instead, we direct the trial court to consider whether to strike this condition. If the trial court determines the condition should not be stricken, the court should consider the purpose it is intended to serve and, in light of that purpose, define more specifically the materials appellant is prohibited from accessing.

    <u>Appearance Standards</u>. Probation Condition 17 requires appellant to "Maintain a standard of personal appearance that will not impede obtaining employment." Similarly, Condition 13 in the addendum requires appellant to "Be responsible for your appearance, including the wearing of undergarments and appropriate clothing in public locations and when others are present." Appellant contends these conditions are vague because they do not define the sort of appearance that would impede employment nor do they specify the aspects of his appearance to which they apply. He argues it is not clear whether the conditions apply to jewelry, body piercings, tattoos, hairstyles or clothing. We are not persuaded.

    As we have noted, a probation condition will not be found unconstitutionally vague if it is "'sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated' . . . ." (*In re Sheena K., supra,* 40 Cal.4th at p. 890.) A probation condition may limit freedoms enjoyed by law-abiding citizens, such as the freedom to control one's physical appearance or to dress as one pleases, so long as the limitations are related to criminal conduct or future criminality. (*People v Olguin* (2008) 45 Cal.4th 375, 379-380.) The Constitution demands only a reasonable degree of certainty in the language of the probation condition. (*Hall,*

*supra,* 2 Cal.5th at p. 500.) "A probation condition 'should not be invalidated as unconstitutionally vague """"if any reasonable and practical construction can be given to its language"""" or if its terms may be made reasonably certain by reference to ""other definable sources."""" (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129 (*Rhinehart*).)

We conclude the conditions are not unconstitutionally vague because a reasonable person who is interested in complying with the law can be expected to understand how to dress to avoid public indecency. (*Holzmann, supra,* 18 Cal.App.5th at p. 1245; *Rhinehart, supra,* 20 Cal.App.5th at p. 1129.) Similarly, a person who wants to comply with the conditions can reasonably be expected to understand the types of clothing, tattoos and body modifications that would impede a person from obtaining employment. Further specificity is not required.

Sex Offender Treatment. The conditions of appellant's probation require him to "enter and complete sex offender therapy as directed by the Probation Officer," and to continue in therapy "until released by the therapist and Probation Officer." He contends this condition violates separation of powers because it excludes the trial court from any role in determining the propriety and duration of that therapy.

"Under the separation of powers doctrine [citation], judicial powers may not be delegated to nonjudicial officers. [Citation.] While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer." (*Smith, supra,* 79 Cal.App.5th at p. 902.) "Given the significant liberty interests at stake, a court –

12

not a probation officer – must make the decision to require a defendant to attend residential treatment." (*Id.* at p. 903.)

Here, the trial court itself ordered appellant to participate in therapy. The probation conditions leave the details and duration of that therapy to the discretion of the probation officer. Under *Smith*, this condition does not violate separation of powers. (*Smith, supra,* 79 Cal.App.5th at p. 902; see also *In re Victor L.* (2010) 182 Cal.App.4th 902, 919.)

*Conclusion*

The matter is remanded with directions for the trial court to strike or modify Condition 11, relating to the possession of sexually stimulating or sexually oriented material or media, in a manner consistent with this opinion. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

13

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.